UNITED STATES of America, Plaintiff–Appellee,

v.

Jerry D. SMITH, Defendant–Appellant.

No. 91–30049.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1992.*

Opinion Filed April 16, 1992.

Opinion Withdrawn May 4, 1992.

Decided May 4, 1992.

---

* The panel unanimously finds this case suitable for submission on the records and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

David S. Marshall, Prince, Kelley, Marshall & Bassingthwaighte, Seattle, Wash., for defendant-appellant.

John C. Carver, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before: WRIGHT and ALARCON, Circuit Judges, and FONG,** District Judge.

## ORDER

The opinion filed on April 16, 1992 is hereby withdrawn.

** Honorable Harold M. Fong, United States District Court for the District of Hawaii, sitting by

## OPINION

FONG, District Judge:

Defendant/Appellant Jerry D. Smith ("Smith") appeals from the district court's order denying his motion for reduction of sentence under the pre-November 1987 version of Rule 35 of the Federal Rules of Criminal Procedure. Smith's underlying convictions involved conspiracy to defraud the United States and its agency, the Federal Home Loan Bank Board, and the substantive offenses of wire fraud and bank fraud against a financial institution insured by the Federal Savings and Loan Insurance Corporation ("FSLIC"). On July 15, 1988, Smith was sentenced to ten (10) years' imprisonment. His convictions were affirmed in *United States v. Smith*, 891 F.2d 703, *modified by* 906 F.2d 385 (9th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990). On January 17, 1990, the district court ordered Smith to pay FSLIC restitution in the amount of $12,792,160. An appeal from the restitution order is currently pending before this court.

In this appeal, Smith contends that the district court erred in denying the Rule 35 motion without explanation or, alternatively, that the district court's denial of his Rule 35 motion was an abuse of discretion.

## BACKGROUND

On January 4, 1991, Smith filed a motion to reduce his sentence on several grounds, only two of which are discussed in this opinion. First, Smith argued that various documents submitted with his Rule 35 motion demonstrated that he was a model prisoner. Second, Smith submitted an analysis purporting to show that fellow inmates at Boron Federal Prison who had committed crimes of greater magnitude than Smith had received lesser sentences.

On January 24, 1991, the district court entered a Minute Order that stated simply: "Defendant's motion pursuant to Fed. R.Crim.P. is denied."

designation.

## DISCUSSION

■ This court reviews a denial of a Rule 35 motion for clear abuse of discretion. *United States v. Ruffen*, 780 F.2d 1493, 1495 (9th Cir.), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986). "In determining whether a decision-maker abused his discretion, the reviewing 'court must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment.'" *Id.* (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971)); *see also United States v. Thayer*, 857 F.2d 1358, 1359 (9th Cir.1988) (citing passage).

This court has recognized that the district court has wide latitude in considering a Rule 35 motion. "A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court." *United States v. Hooton*, 693 F.2d 857, 859 (9th Cir.1982) (citations omitted). Its function is to allow courts to "decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Smith*, 650 F.2d 206, 208 (9th Cir.1981) (citation omitted).

Smith argues that the district court's denial of the Rule 35 motion should be reversed because there is no showing that the district court exercised its discretion. Smith reasons that the district court's failure to explain its denial of the Rule 35 motion prevents the appellate court from determining whether the district court actually considered "the relevant factors."

■ Although the task of the reviewing court is more difficult when the district court declines to articulate its reasons for reaching a decision, the court's summary disposition here was not judicial abdication. Rule 35 motions are so firmly committed to the sound discretion of the sentencing court that a detailed explanation is only required when the record demands such explanation. Under ordinary circumstances,

[a] motion to reduce does not compel the trial judge to delve so deeply into his original sentencing since, as a practical matter; the issue is only whether he feels sufficiently motivated by the information contained in the moving papers and adduced at any hearing to undertake reconsideration of the existing sentence and ultimately perhaps to alter it.

*McGee v. United States*, 462 F.2d 243, 247 n. 8 (2d Cir.1972) (Friendly, J.), *quoted in United States v. DeCologero*, 821 F.2d 39, 41 (1st Cir.1987) (suggesting that the sentencing court "need not even explain reasons underlying its denial of the [Rule 35] motion"); *see also United States v. Twomey*, 845 F.2d 1132, 1134 (1st Cir.1988); *Diggs v. United States*, 740 F.2d 239, 249 (3d Cir.1984).

In *McGee*, the defendant had been sentenced for convictions on four separate counts, one of which the court vacated after the original sentencing hearing. The defendant filed a motion to suspend or reduce his sentence on the remaining counts, which the district court summarily denied. On appeal, Judge Friendly reasoned that "[t]he trial judge's original sentencing determination with respect to Count 2 through 4 could have been influenced by [defendant] appellant's conviction under Count 1—just as evidence of a prior conviction might influence a sentencing judge on a subsequent one." *McGee*, 462 F.2d at 245 (footnote omitted). The Second Circuit remanded the case to the district court for further explanation because the district court, in sentencing the defendant, relied on information that was *erroneous* and, therefore, some explanation of its refusal to reconsider the original sentence was required. Such compelling circumstances that would require the district court to provide a detailed explanation of its ruling are not present in this case. Smith has introduced no evidence that the information relied upon by the district court in determining an appropriate sentence was materially inaccurate or otherwise improper.

■ We must, therefore, review the record below to determine whether the district court abused its discretion in denying Smith's Rule 35 motion. As this court has previously noted, "the underlying objective

of Rule 35 ... is to 'give every convicted defendant a second round before the sentencing judge, and [afford] the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim.'" *United States v. Semler*, 883 F.2d 832, 834-35 (9th Cir.1989) (quoting the Advisory Committee Notes to the 1983 Amendment to Rule 35(b)). We recognize that the district court is in the better position to evaluate the seriousness of a defendant's crimes as well as other relevant factors.

The length of prison incarceration generally reflects the seriousness of the crime and the defendant's role and degree of culpability in that crime. In this case, Smith was convicted of fifteen counts including one count of conspiracy, ten counts of wire fraud, and three counts of false statement, and one count of aiding and abetting. In addition, Smith was ordered to pay restitution in the amount of $12,-792,160.00. With the knowledge of these facts and with the experience of presiding over a seven-week trial, the district court was certainly in the better position to impose a sentence which included not only retribution but also reflected societal interests such as deterrence and rehabilitation.

The district court was not bound to reduce Smith's sentence based upon his demeanor in prison or the length of other prisoners' sentences. Neither of these factors can mitigate against the seriousness of the original convictions. Smith's appeal is better addressed to a parole commission hearing for leniency than to the appellate court for a challenge to the district court's assessment of the seriousness of the crimes for which it felt 10 years incarceration was appropriate.

AFFIRMED.