5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vanessa Renai FLETCHER, Defendant-Appellant.
 No. 92-16691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Hawaii, Nos. CV-92-00418-ACK, CR-89-01751-02-ACK; Alan C. Kay, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vanessa Renai Fletcher, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. Sec. 2255 motion to vacate her conviction and sentence. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Fletcher was convicted following jury trial for conspiracy to distribute and to possess with intent to distribute and for possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. On direct appeal Fletcher raised only one issue, unsuccessfully challenging the trial court's decision to excuse college students from the venire panel. See United States v. Fletcher, 965 F.2d 781 (9th Cir.1992). In her section 2255 motion and in the instant appeal, Fletcher raises three allegations of trial court error: (1) evidence of cocaine seized during her initial detention by police officers should have been suppressed; (2) the evidence was insufficient to sustain her convictions; and (3) the trial court erred in its application of the United States Sentencing Guidelines. We address each of these issue in turn.[1]
 
 A. Suppression of Evidence
 
 4
 Fletcher contends that evidence of cocaine possession obtained during a search of her luggage conducted at Honolulu International Airport should have been suppressed because she was illegally detained and her luggage was searched without consent or cause. Fletcher, however failed to challenge the legality of her arrest or the cocaine seizure, either in the trial court or on direct appeal. A collateral challenge under section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 168 (1982).
 
 
 5
 In order to obtain collateral relief through section 2255, Fletcher "must show both (1) 'cause' excusing [her] double procedural default, and (2) 'actual prejudice' resulting from the errors of which [s]he complains." See id.; United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Fletcher fails the first prong of this test because she has not presented any justification for her failure to raise these issues at trial or on direct appeal. This procedural default bars Fletcher from raising these issues now by way of section 2255. See Frady, 456 U.S. at 168.
 
 B. Sufficiency of the Evidence
 
 6
 Fletcher contends the evidence was insufficient to sustain her conviction because the incriminating testimony of a cooperating codefendant, Scott Silva, was not credible. Because Fletcher failed to raise this issue on direct appeal, and she offers no show of cause as to why she failed to do so, we hold that she has procedurally defaulted this claim and may not now raise it by way of a section 2255 motion. See Frady, 456 U.S. at 168.
 
 C. Sentencing Issues
 
 7
 Fletcher also contends the trial court erred at sentencing by incorrectly calculating the amount of cocaine attributable to her for sentencing purposes, by adjusting upward her offense level for obstruction of justice, by failing to award her downward adjustments to her offense level for being a minimal participant and for acceptance of responsibility, and by failure to take into account her post-arrest rehabilitation efforts when setting her sentence. These contentions are without merit.
 
 
 8
 With the exception of her challenge to the obstruction of justice adjustment, Fletcher waived her right to attack the alleged errors in the presentence report when she failed to avail herself of the opportunity to do so contemporaneously or on direct appeal. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990) (appellant who did not contest accuracy of PSR prior to filing section 2255 motion waives right to raise the issue through a section 2255 motion).
 
 
 9
 A defendant who perjures herself merits the two-level upward adjustment for obstruction of justice under section 3C1.1. U.S.S.G. Sec. 3C1.1, comment. (n.3(c)); United States v. Dunnigan, 113 S.Ct. 1111, 1115 (1993); United States v. Arias-Villanueva, Nos. 91-30393, 91-30403, 92-30280, slip op. 7581, 7614 (9th Cir. July 20, 1993).
 
 
 10
 Fletcher testified at trial that she was duped into being a "blind" courier who unknowingly carried approximately four kilograms of cocaine in her baggage on an airplane trip from Los Angeles to Honolulu. This testimony was contradicted by the testimony of Silva, the cooperating codefendant. Furthermore, the jury found her testimony unconvincing and convicted her of both conspiracy to distribute and to possess and possession with intent to distribute cocaine. The district court stated at sentencing that "to be convicted ..., [Fletcher] must have had knowledge that it was cocaine in her suitcase.... But she testified she didn't have knowledge. She testified she didn't know it was cocaine that was in the package." (RT 7/23/90: 12).
 
 
 11
 As the district court correctly reasoned: because knowledge was an element of the crimes for which Fletcher was convicted, Fletcher must have been lying when she denied knowledge. Accordingly, the district court did not clearly err by adjusting Fletcher's offense level for obstruction of justice based on her perjurious testimony. See Dunnigan, 113 S.Ct. at 1117; Arias-Villanueva, slip op. at 7614.
 
 
 12
 To the extent that Fletcher contends this obstruction of justice adjustment violated her right to testify in her own behalf, this argument is foreclosed by the Supreme Court's decision in Dunnigan, 113 S.Ct. at 1119 (requirement that defendant who commits perjury receive obstruction adjustment "is not in contravention of the privilege of an accused to testify in her own behalf").[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Fletcher's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Fletcher expressly disavows any intention to raise a claim of ineffective assistance of counsel in this section 2255 motion, see Appellant's Opening Brief at 3, we do not address the effect such an allegation would have on these issues
 
 
 [2]
 Fletcher also complains that the district court erred when denying her section 2255 motion because it failed to take into account her post-sentencing rehabilitation efforts. The district court, however, has no authority to grant a section 2255 motion based solely on Fletcher's post-sentencing rehabilitative efforts