17 F.3d 397
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney John PRUITT, Defendant-Appellant.
 No. 91-10432.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 30, 1993.*
Decided Dec. 10, 1993.
 
 Before: ALARCON, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remanded this case in July of 1992 for a determination by the district court of the timeliness of the appeal. The district court found on August 23, 1993 that Pruitt had delivered his notice of appeal to prison authorities within ten days, so the appeal was timely. We then took the case back under submission, and now resolve the appeal on the merits. We affirm.
 
 
 3
 Appellant Rodney Pruitt pleaded guilty to conspiracy to import marijuana in violation of 21 U.S.C. Sec. 963. He was sentenced to four years imprisonment, a special parole term of three years, a fine of $50,000, and a special assessment of $50. Pruitt moved to modify his sentence under Fed.R.App.P. 35, based on the disparity between his own sentence and those of two other coconspirators. The district court denied the motion and he appeals.
 
 
 4
 Pruitt's motion was for reduction of a legal sentence, governed by Fed.R.Crim.P. 35(b) as applied to pre-guideline cases. Denial of 35(b) motions is reviewed for "clear abuse of discretion," and the district court has "wide latitude" in considering such motions. United States v. Smith, 964 F.2d 885, 887 (9th Cir.1992).
 
 
 5
 The function of Rule 35(b) is "to allow courts to 'decide, if on further reflection, the original sentence now seems harsh.' " Id. (quoting United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981)). It is apparent from the transcript that the district judge exercised discretion and reflected upon whether the original sentence was unduly harsh. The district judge gave his reasons for rejecting the disproportionality argument with regard to "the Vance boys." The judge further explained that as a coconspirator, Pruitt was guilty of all of the other conspirators overt acts. Other conspirators were sentenced to four years imprisonment.
 
 
 6
 The district judge evidently believed that Mr. Pruitt participated in financing the operation, which sufficiently explained the denial of the motion for reduction. See id. Pruitt claims that the district judge improperly relied on testimony of a Mr. Hurt who testified of Pruitt's involvement at the trial of the other coconspirators. It is possible that the district judge did not rely at all on Mr. Hurt's testimony, but that he instead inferred from Pruitt's attending the Biltmore Hotel meeting as a liaison for Mr. Zeiner, a financier, that Pruitt was arranging the financing. That information was provided by Pruitt himself, and the district judge could reasonably have inferred that there was no reason for Pruitt to attend on Zeiner's behalf, unless Pruitt had a substantial role with Zeiner for the financing.
 
 
 7
 The judge may have been influenced by Hurt's testimony at the trial of codefendants. But because the Federal Rules of Evidence do not apply in sentencing, Pruitt's argument that the coconspirator exception requirements were not met is beside the point, to the extent that it is intended to invoke the technical requirements of that rule. Fed.R. of Evid. 1101(d)(3). We understand the appellant's issue to be whether Hurt's testimony was sufficiently reliable to provide a basis for sentencing. The district court has very broad discretion, particularly in a pre-guidelines sentencing, with regard to the scope and kind of information which may be considered. United States v. Tucker, 404 U.S. 443, 446 (1972). Although Pruitt did not have an opportunity to confront Hurt at the trial, due process does not require confrontation or cross-examination in sentencing. Williams v. New York, 337 U.S. 241, 250-52 (1949). Pruitt offered impeachment of Hurt's testimony, and the defense had impeached Hurt's testimony at the trial, but that does not prove Hurt's testimony to have been false or to render it testimony which could not properly be considered during the sentencing phase, which Pruitt's argument requires. United States v. Ibarra, 737 F.2d 825, 826-827 (9th Cir.1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3