76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Allen SILVA, Defendant-Appellant.
 No. 95-15539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Allen Silva, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion attacking his pre-Guidelines sentence of twenty years imprisonment for conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Silva raises the following contentions on appeal: (1) his sentence compared to the sentences received by his co-conspirators is excessive and violates the Eighth Amendment; (2) his sentence should be reduced in light of his rehabilitation; (3) various other factors weigh in favor of a reduction of his sentence; and (4) the district court's sentencing decision was improperly influenced by public opinion regarding the war on drugs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of Silva's section 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Silva contends that his sentence is disproportionate to those received by his co-conspirators.
 
 
 4
 Because individual circumstances may vary from one offender to another, it is within a sentencing court's discretion to impose disparate sentences on co-defendants. See United States v. Meyer, 802 F.2d 348, 353 (9th Cir.1986), cert. denied, 484 U.S. 817 (1987). A reviewing court may only reverse a sentence on Eighth Amendment grounds if a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. See Solem v. Helm, 463 U.S. 277, 289-290 (1983); United States v. Oakes, 11 F.3d 897, 900 (9th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994). Thus, if a sentence does not exceed statutory limits, this court generally will not overturn the sentence on Eighth Amendment grounds. See United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir.1988).
 
 
 5
 Here, a review of the record indicates that the sentencing court reviewed the evidence before it and found that Silva played a substantial role in the conspiracy. See Meyer, 802 F.2d at 353. A review of the record also reveals that the sentencing court assessed each conspirator's role and sentenced each conspirator accordingly. See id. Moreover, the statute under which Silva was convicted provides for a sentence of between ten years and life imprisonment and Silva's sentence did not exceed this statutory limit. See 21 U.S.C. § 841(b) (1988 & Supp.1993). Accordingly, the district court properly rejected Silva's Eighth Amendment argument. See Oakes, 11 F.3d at 899; Zavala-Serra, 853 F.2d at 1518.
 
 
 6
 Silva asserts that his post-sentencing rehabilitation merits the reduction of his sentence.
 
 
 7
 The grounds for collateral attack under section 2255 are narrowly limited. See United States v. Addonizio, 442 U.S. 178, 184 (1979). Cognizable challenges under 28 U.S.C. § 2255 must assert either (1) that a sentence was imposed illegally; (2) that the court lacked jurisdiction to impose the sentence; (3) that the sentence imposed exceeds the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack." See 28 U.S.C. § 2255; Addonizio, 442 U.S. at 185; United States v. Mett, 65 F.3d 1531, 1537 (9th Cir.1995). Therefore, a motion under 28 U.S.C. § 2255 is unlike a Rule 35(b) motion which is essentially a plea for leniency based on factors other than those enumerated above. Compare United States v. Smith, 964 F.2d 885, 887 (9th Cir.), cert. denied, 503 U.S. 951 (1992) with Addonizio, 442 U.S. at 186-187.
 
 
 8
 Here, Silva's assertion that his rehabilitation merits a reduction in his sentence appears to be a plea for leniency based on factors other than those contemplated by section 2255. See Smith, 964 F.2d at 887. Silva's challenge is not cognizable under section 2255. See 28 U.S.C. § 2255; Addonizio, 442 U.S. at 185-187.
 
 
 9
 Silva asserts that various other factors warrant a reduction of his sentence and that the district court's sentencing decision was improperly influenced by public opinion. Because Silva failed to raise these contentions in the district court, we will not consider them for the first time on appeal. See United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1995).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3