F I L E D
United States Court of Appeals
Tenth Circuit

AUG 17 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN HUDSON WHITAKER,

      Defendant - Appellant.

No. 97-5203

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CR-12-H)

---

Submitted on the briefs:

Gerald L. Hilsher of Shipley, Jennings & Champlin, P.C., Tulsa, Oklahoma, for Defendant-Appellant.

Stephen C. Lewis, United States Attorney, and Allen J. Litchfield, Assistant United States Attorney, Office of the United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant appeals the sentence imposed on him by the district court following his plea of guilty to conspiracy to travel interstate to facilitate a narcotics enterprise in violation of 18 U.S.C. § 1952(a)(3). He asserts that the district court erred by refusing to depart downward from the sentencing range applicable under the U.S. Sentencing Guidelines because of his post-offense rehabilitation efforts. The district court found that it lacked the authority to consider this factor as a basis for downward departure, based on our holding in United States v. Ziegler, 39 F.3d 1058, 1061 (10th Cir. 1994). See R., Vol. II at 432, 435. However, after this court decided Ziegler, the Supreme Court held in Koon v. United States that any potential basis for a downward departure not specifically prohibited by the Sentencing Commission may be considered by a district court. See Koon v. United States, 518 U.S. 81, 108-09 (1996). We conclude that Koon allows exceptional efforts at drug rehabilitation to be considered as a basis for a downward departure from the applicable guideline sentence because these efforts were not expressly forbidden as a basis for departure by the Sentencing Commission. Therefore, we vacate the sentence imposed and remand to allow the district court to consider whether Defendant's rehabilitation efforts were extraordinary or exceptional, and thus an

appropriate basis for a downward departure.

Defendant filed a Motion for Downward Departure prior to sentencing, asserting that his exemplary post-offense efforts at rehabilitation, including community service and his continued drug-free status, provided a basis for a downward departure from the applicable sentencing range. The district court rejected Defendant's argument that the Supreme Court's holding in Koon effectively overruled this court's holding in Ziegler that even extraordinary efforts at drug rehabilitation could not be a basis for a downward departure. Despite Defendant's numerous objections, the district court adopted the findings of the presentence report and imposed the maximum guideline sentence of sixty months imprisonment.

This court may "exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines [only] in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998). When a district court does not correctly understand its authority to depart from the guidelines this court may exercise jurisdiction to review the refusal to grant a departure. See United States v. Contreras, 59 F.3d 1038, 1040 (10th Cir. 1995).

District courts must impose a criminal sentence within the range resulting from a proper application of the U.S. Sentencing Guidelines "unless the court finds that there

exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In Ziegler we held that the fact that defendant made extraordinary efforts at drug rehabilitation was not a mitigating factor not adequately taken into consideration by the guidelines, and, therefore, efforts at rehabilitation could not be a basis for departure. See Ziegler, 39 F.3d at 1061-62.

After we decided Ziegler, the Supreme Court "illuminated" the analysis a court should employ to determine when it may depart from the applicable guideline range. United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). The Supreme Court stated that a federal court reviewing a decision to depart must first determine whether the Sentencing Commission actually proscribed consideration of the proposed basis for departure. See Koon, 518 U.S. at 109.

> Thus, the unmistakable teaching of Koon is that only those factors on which the Commission has forbidden reliance–e.g., drug or alcohol dependence or abuse; race, sex, national origin, creed, religion, or socioeconomic status; lack of youthful guidance or similar circumstances indicating a disadvantaged upbringing; personal financial difficulties or economic pressure on a trade or business–never may provide an appropriate basis for departure. All others potentially may provide a basis for departure under appropriate circumstances.

Brock, 108 F.3d at 34-35 (citations omitted) (overruling United States v. Van Dyke, 895 F.2d 984, 986-87 (4th Cir.), cert. denied, 498 U.S. 838 (1990)). Although addiction and abuse are excluded from consideration as an appropriate basis for departure, this

prohibition does not expressly forbid consideration of post-offense drug rehabilitation efforts. Therefore, rehabilitation may provide a basis for departure. See Brock, 108 F.3d at 35.

Additionally, the correct inquiry for whether a potential basis for departure was considered by the Sentencing Commission focuses on whether the potential basis is addressed by the "guidelines, policy statements, or official commentary and whether it is encompassed within the heartland of situations to which the guidelines were intended to apply." Brock, 108 F.3d at 33. Because rehabilitation efforts are taken into consideration when determining a defendant's eligibility for an acceptance of responsibility guideline adjustment, see U.S.S.G. § 3E1.1(a) commentary at n.1(g), post-offense rehabilitation can only be an appropriate ground for downward departure if the efforts are of a magnitude that the defendant's situation cannot be considered typical of those where an acceptance of responsibility adjustment is granted.[1] See Koon, 518 U.S. at 93-96 (emphasizing that before a court exercises its discretion to depart the defendant must establish the existence of unique circumstances which remove the case from the "heartland" of the applicable guideline, presenting a situation where departure is truly warranted); United States v. Kapitzke, 130 F.3d 820, 823 (8th Cir. 1997); United States v. Sally, 116 F.3d 76, 79 (3d Cir. 1997); Brock, 108 F.3d at 34; United States v. Barton, 76 F.3d 499, 504 (2d Cir.

---

[1] The court granted Defendant a three-level adjustment for acceptance of responsibility. See R., Vol. II at 354, 435.

1996); United States v. Williams, 948 F.2d 706, 710-11 (11th Cir. 1991); United States v. Sklar, 920 F.2d 107, 115-17 (1st Cir. 1990). A defendant's efforts at drug rehabilitation are to be evaluated by the same standards as a defendant's efforts at any other form of rehabilitation.

Because the district court's decision was premised on our holding in Ziegler, which has been effectively overruled by Koon,[2] we REMAND to the district court to determine whether Defendant is entitled to a downward departure from the sentence applicable under the guidelines based on his efforts at drug rehabilitation. We have reviewed Defendant's other claims for relief and find them without merit.

REMANDED.

---

[2] "[A] single panel is permitted to reconsider a previous Tenth Circuit decision to the extent the new [Supreme Court] case law invalidates our previous analysis." Hurd v. Pittsburg State Univ., 109 F.3d 1540, 1542 (10th Cir. 1997).