Eric D. BRYANT, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 99–CV–288.

United States District Court, N.D. New York.

April 28, 1999.

Eric D. Bryant, Whitedeer, PA, petitioner pro se.

Thomas J. Maroney, Office of the United States Attorney, Binghamton, NY (Miroslav Lovric, of counsel) for U.S.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Before the Court is petitioner Eric D. Bryant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's motion is denied in all respects.

## I. BACKGROUND

On March 8, 1996, pursuant to an agreement with the United States, petitioner Eric D. Bryant pled guilty to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848.[1] In exchange for the plea and petitioner's cooperation in the prosecution of his co-conspirators, the government recommended a downward departure from the sentencing range applicable under the sentencing guidelines. This Court sentenced petitioner to a term of 108 months imprisonment, and the Judgment and Conviction was filed on April 3, 1997. Petitioner did not appeal his conviction or sentence. During his incarceration, petitioner has engaged in various drug treatment, religious, and educational programs.

## II. DISCUSSION

■ A prisoner sentenced by a federal court may move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (Supp.1998); *see also Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (internal citations omitted).

Historically, a prisoner could file a petition for relief under 28 U.S.C. § 2255 at any time. A delay in filing "was a basis for dismissal only if the ground for the petition could have been known to the petitioner earlier and the [government] could show that the delay 'prejudiced [it] in its ability to respond to the petition.'" *Ross v. Artuz,* 150 F.3d 97, 99 (2d Cir. 1998); *see also* Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. In fact, early courts held that section 2255 included "no statute of limitations." *Heflin v. United States,* 358 U.S. 415, 420, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

■ However, a section 2255 motion must now be filed within the statute of limitations period imposed by Congress in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (effective April 24, 1996) (codified as amended in scattered sections of 28 U.S.C.) (the "AEDPA" or the "Act"). The Act provides for a one-year period of limitations for a prisoner to file a motion

---

1. The Court initially notes that while petitioner waived his right to appeal from the judgment of conviction that resulted from his guilty plea, he did not waive his right to appeal his sentence. *See United States v. Bryant, Plea Agreement Under Rule 11 of the Federal Rules of Criminal Procedure,* at 17–18 (dated March 7, 1996). Accordingly, this court is not deprived of jurisdiction with respect to plaintiff's request to modify his sentence.

under section 2255. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (Supp.1998); *see also Ross*, 150 F.3d 97, 99, 103 (2d Cir.1998) (holding that prisoners must now file a section 2255 motion within a "period of one year after the effective date of AEDPA" or one year after the effective date provided in section 2255, whichever is later).

■ Petitioner in the present case filed his motion for relief under 28 U.S.C. § 2255 on February 25, 1999, more than twenty-two months after Judgment and Order was entered. Petitioner's conviction became final, for purposes of the AEDPA, ten days after the entry of the Judgment and Order, when the time for petitioner to file a notice of appeal had expired. *See* FED.R.APP.P. 4(b) (West 1998). Because petitioner's motion was not filed within one

year after the judgment of conviction became final,[2] it is therefore time-barred under the AEDPA. *See United States v. Valdez*, 1999 WL 138897 (E.D.La. Mar.11, 1999) (holding section 2255 motion for relief based on post-conviction rehabilitation barred by the time limits of the AEDPA). Assuming that the AEDPA did not bar petitioner's claim, 28 U.S.C. § 2255 does not permit relief based on petitioner's claim of post-conviction rehabilitation.

■ Petitioner alleges that his request for habeas relief should be granted because he has undergone extensive drug treatment and educational and religious training since he has been in prison. *See* Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus, at 5. In the present case, petitioner has taken great strides toward improving his life. Though commendable, section 2255 simply does not open the door for reconsideration of a legitimately imposed sentence, regardless of the rehabilitative efforts petitioner has made. *See United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that prisoner could not be released under section 2255 simply because the sentencing judge had intended that prisoner be released on parole after three to four years of "good behavior").[3]

A district court may grant a motion for relief under section 2255 only in limited circumstances. *See* 28 U.S.C. § 2255; *see also Addonizio*, 442 U.S. at 184, 99 S.Ct. 2235 (noting that in the absence of jurisdictional or constitutional errors, "the scope of collateral attack [under section 2255] has remained far more limited."). No general authority exists under section

---

**2.** Some cases indicate that the one-year time limit may be extended under a doctrine of "equitable tolling," where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *In re Wattanasiri*, 982 F.Supp. 955, 957 (S.D.N.Y. 1997) (quoting *Calderon v. U.S. District Court*, 112 F.3d 386, 391 (9th Cir.1997)); *see also Santana–Madera v. United States*, 1999 WL 30986, at *2–*3 (N.D.N.Y. Jan.19, 1999). Petitioner does not argue, nor does the record reflect, that equitable tolling is appropriate in the present matter.

**3.** Petitioner cites *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), *U.S. v. Brock*, 108 F.3d 31 (4th Cir. 1997), and *United States v. Rioux*, 97 F.3d 648 (2d Cir.1996), for the proposition that the Court may reduce his sentence because of his rehabilitative efforts. All of those cases, however, address the propriety of departures from the Sentencing Guidelines at the time of sentencing, not after a prisoner has been incarcerated for several years. For this reason, these cases are inapposite.

2255 to grant relief simply because of post-sentencing rehabilitative efforts undertaken by an incarcerated prisoner. *See Varley v. United States,* 1998 WL 903609, at *1 (E.D.N.Y. Dec.17, 1998) (in dismissing habeas motion, holding that section 2255 provided no authority to reduce prisoner's sentence based on post-conviction rehabilitation); *see also Addonizio,* 442 U.S. at 184–86, 99 S.Ct. 2235.

The Court notes, however, that some cases permit consideration of post-conviction rehabilitative efforts when a court is *resentencing* a defendant. *See, e.g., United States v. Sally,* 116 F.3d 76, 81 (3d Cir.1997) (holding that "extraordinary post-conviction rehabilitative efforts" may serve "as a basis for a downward departure."); *United States v. Maier,* 975 F.2d 944, 948 (2d Cir.1992) (same). This line of cases does not, however, extend to situations in which the only ground on which a reduction in sentence is requested is the rehabilitation itself. *United States v. Gallagher,* 1998 WL 42282, at *4–*5 (E.D.Pa. Jan.9, 1998) ("It is only on the occasion of initial sentencing, or of resentencing for other reasons, that *Sally* allows the court to consider post-conviction rehabilitation in support of a motion for a downward departure from the Guidelines. The rehabilitation does not, in itself, provide grounds for resentencing.").

In the present case, no independent grounds for resentencing exist; petitioner instead asks this Court to view his rehabilitative efforts as an independent basis for a reduction of his sentence. For that reason, the Court must deny petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2255.

### III. Conclusion

For the foregoing reasons, Petitioner's claim pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED.

**IT IS SO ORDERED.**