UNITED STATES of America, Plaintiff/Respondent,

v.

Robert S. DUGAN, Defendant/Movant.

Criminal No. 96–40077–01–SAC, Civil No. 99–3035–SAC.

United States District Court, D. Kansas.

June 17, 1999.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On May 9, 1997, Robert S. Dugan entered a plea of guilty to Count One of the indictment charging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). On January 26, 1998, this court sentenced Dugan to a primary term of

incarceration of 57 months. The judgment of conviction was entered on the docket on February 2, 1998. Dugan did not file an appeal.

This case comes before the court upon Dugan's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.53).[1] In his motion, Dugan essentially argues that since his sentence was imposed in this case he has successfully completed numerous educational and rehabilitative courses. Dugan claims that his post-sentence "accomplishments in education and self-improvement can only be described as extraordinary." Based upon these post-sentencing accomplishments, Dugan believes that he is entitled to a downward departure reducing his term of incarceration commensurate with his achievements.

The government opposes Dugan's motion, arguing that Dugan cannot obtain relief from his original sentence in this collateral proceeding solely based upon his post-sentencing achievements.

In his reply brief, Dugan contends that § 2255 authorizes the relief that he seeks, that it is unfair for this court not to consider his post-sentencing rehabilitation efforts when other similarly situated federal prisoners enjoy reduced sentences based upon their post-sentencing efforts, and that the government has breached the plea agreement in this case by opposing his § 2255 motion.[2]

### Need for an Evidentiary Hearing

No evidentiary hearing is required as the issues presented by Dugan are purely questions of law or can be decided based upon the record. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997) ("In a § 2255 proceeding, the district court is not required to hold an evidentiary hearing on a prisoner's claims where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'") (*quoting* 28 U.S.C. § 2255); *United States v. Carlos*, 906 F.Supp. 582, 585 (D.Kan.1995), *aff'd*, 85 F.3d 641 (10th Cir.1996).

### Analysis

Although Dugan's post-sentencing education and rehabilitation efforts are to be commended, they do not entitle him to a reduced sentence in this case. Basing its decision on the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Tenth Circuit has held that a defendant's post-offense rehabilitative efforts "may provide a basis for departure." *United States v. Whitaker*, 152 F.3d 1238, 1240 (10th Cir.1998). This holding does not in and of itself benefit Dugan.

The federal courts are apparently divided on the issue of whether a defendant's post-sentencing rehabilitation can provide a basis for downward departure at a *resentencing*. *See United States v. Little*, No. 98–1164, 1999 WL 357833, *6 (6th Cir. May 24, 1999) ("Whether post-sentencing rehabilitation can provide an appropriate basis for a downward departure upon resentencing is an unsettled issue among the circuits.") (citations omitted); *compare United States v. Roberts*, 166 F.3d 1222, 1999 WL 13073 (10th Cir.1999) (Table) (fol-

---

1. Dugan filed this motion on January 28, 1999, and was therefore within the one year period of limitation now contained in § 2255.

2. Construing the plea agreement in a reasonable manner, the government agreed to not oppose the defendant's motion for downward departure *at the time Dugan's sentence was originally imposed*. The defendant's own motion for downward departure, filed prior to the imposition of sentence in this case, acknowledges that the plea agreement provides

that "the government would not oppose the request [for a downward departure] at the sentencing hearing." *See* (Dk.46) at 1. In response to Dugan's § 2255 motion, the government takes the legally correct position that § 2255 does not provide a means for granting Dugan's motion for downward departure. The court finds that the government did not breach the plea agreement by opposing Dugan's § 2255 motion.

lowing the vacation of an 18 U.S.C. § 924(c) conviction in a § 2255 proceeding, district court incorrectly assumed that it did not have authority to grant a downward departure for post-conviction rehabilitation); *United States v. Green,* 152 F.3d 1202, 1207–08 (9th Cir.1998) (post-sentencing rehabilitation may be a basis for downward departure when district court resentences defendant) *with United States v. Sims,* 174 F.3d 911 (8th Cir.1999) ("[A] defendant's rehabilitative efforts up to the time of the original sentencing can and should be considered by the district court at a resentencing. (Citation omitted). Rehabilitation that takes place behind the prison walls after the original sentencing, however, is not relevant, since the sentencing court obviously could not have considered it at the time of the original sentencing.").

■ The line of cases which permit the district court to consider post-sentencing rehabilitation when resentencing the defendant, including the Tenth Circuit's decision in *Roberts,* does not demonstrate that Dugan is entitled to the relief that he seeks in this proceeding. Dugan's case differs from those cases in that Dugan is not being resentenced following the vacation of an invalid conviction or illegal sentence. Dugan has not identified any legal or factual error which this court committed at the time his sentence was originally imposed. Dugan's sentence was legally correct when pronounced and therefore there is no independent basis which opens up his sentence for reconsideration. Consequently, the court cannot consider downwardly departing based upon his post-sentencing rehabilitation and education.

■ The language of § 2255 and the case law interpreting that section demonstrate that Dugan is not entitled to the relief that he seeks. Section 2255 provides in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." "Under ordinary circumstances, a prisoner cannot mount a collateral attack on his sentence." *Roberts,* 1999 WL 13073 at *5.

■ Dugan's post-sentencing rehabilitation and education are not circumstances, standing alone, that provide a basis for collaterally attacking his sentence. From the court's research, it appears that the federal courts have uniformly held that a § 2255 movant's post-sentencing rehabilitation, standing alone, is not a valid basis for reducing a defendant's sentence. For example, in *United States v. Silva,* 76 F.3d 390, 1996 WL 30270 (9th Cir.1996), the Ninth Circuit rejected the movant's argument that his post-sentencing rehabilitation merited the reduction of his sentence:

The grounds for collateral attack under section 2255 are narrowly limited. *See United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Cognizable challenges under 28 U.S.C. § 2255 must assert either (1) that a sentence was imposed illegally; (2) that the court lacked jurisdiction to impose the sentence; (3) that the sentence imposed exceeds the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *Addonizio,* 442 U.S. at 185, 99 S.Ct. 2235; *United States v. Mett,* 65 F.3d 1531, 1537 (9th Cir. 1995). Therefore, a motion under 28 U.S.C. § 2255 is unlike a Rule 35(b) motion which is essentially a plea for leniency based on factors other than those enumerated above. *Compare United States v. Smith,* 964 F.2d 885, 887 (9th Cir.), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992)

with *Addonizio,* 442 U.S. at 186–187, 99 S.Ct. 2235.

Here, Silva's assertion that his rehabilitation merits a reduction in his sentence appears to be a plea for leniency based on factors other than those contemplated by section 2255. *See Smith,* 964 F.2d at 887. Silva's challenge is not cognizable under section 2255. See 28 U.S.C. § 2255; *Addonizio,* 442 U.S. at 185–187, 99 S.Ct. 2235.

1996 WL 30270 at *1–2. *See United States v. Fletcher,* 5 F.3d 541, 1993 WL 337478, *2 n. 2 (9th Cir.1993) ("Fletcher also complains that the district court erred when denying her section 2255 motion because it failed to take into account her post-sentencing rehabilitation efforts. The district court, however, has no authority to grant a section 2255 motion based solely on Fletcher's post-sentencing rehabilitative efforts."); *Bryant v. United States,* 48 F.Supp.2d 188, ——, 1999 WL 258487, *2 (N.D.N.Y.1999) ("No general authority exists under section 2255 to grant relief simply because of post-sentencing rehabilitative efforts undertaken by an incarcerated prisoner."); *Varley v. United States,* No. 98–CV–4089(JG), 1998 WL 903609, *1 (E.D.N.Y. Dec.17, 1998) (section 2255 provides district court no basis for downwardly departing based upon defendant's post-conviction rehabilitation); *United States v. Gallagher,* No. 95–502, 1998 WL 42282, *5 (E.D.Pa. Jan.9, 1998) ("It is only on the occasion of initial sentencing, or of resentencing for other reasons, that [the Second Circuit's decision in *United States v. Sally,* 116 F.3d 76 (3d Cir.1997) ] allows the court to consider post-conviction rehabilitation in support of a motion for a downward departure from the Guidelines. The rehabilitation does not, in itself, provide grounds for resentencing.").

Because Dugan's post-sentencing rehabilitation and education provide no independent basis for relief under § 2255, his motion is denied.

IT IS THEREFORE ORDERED that Dugan's "Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.53) is denied.