**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**FRANCIS CHARLES, Defendant**

Crim. No. F-286/1994

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 3, 2005

ERNEST BASON, ESQUIRE, Assistant Attorney General, St. Thomas, Virgin Islands, *For the Plaintiff.*

HAROLD W.L. WILLOCK, Chief Territorial Public Defender, St. Thomas, Virgin Islands, *For Defendant.*

SWAN, *Judge*

## MEMORANDUM OPINION

(August 3, 2005)

Before the Court is Defendant Charles Francis' ("Defendant") Motion for Reduction of Sentence, pursuant to Rule 35.1(b)[1] of the Local Rules of Criminal Procedure. For the reasons elucidated below, Defendant's motion is denied.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 4, 1995, Defendant Francis Charles ("Charles") was sentenced and remanded to the Bureau of Corrections to serve seventy-five (75) years of imprisonment calculated as follows: twenty (20) years for First Degree Rape [Count VII] and twenty (20) years for each count of False Imprisonment and Kidnapping [Counts XIV and XV], to be served concurrently with each other but consecutively to count VII; fifteen (15) years each for two counts of Second Degree Burglary [Counts VIII & XI], to be served concurrently with each other but consecutively to Counts XIV & XV; fifteen (15) years for each count of First Degree Assault [Court III & XII], to be served concurrently with

---

[1]  (a)  Correction of Sentence. The court may correct an illegal sentence imposed pursuant to Virgin Islands law at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b)  4Reduction of Sentence. A motion to reduce a sentence imposed pursuant to Virgin Islands Law may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of an order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute permissible reduction of sentence under this subdivision.— Adopted April 27, 1993, eff. May 3, 1993.

each other but consecutively to Counts VIII and XI; fifteen (15) years for Second Degree Burglary [Count II], ten (10) years of which shall be suspended, with the five years to be served consecutively to the other counts.

Subsequently, Defendant Charles appealed to the Appellate Division of the District Court of the Virgin Islands, which affirmed his convictions. Defendant further appealed to the United States Third Circuit Court of Appeals, which also affirmed his convictions on April 15, 1998. Thereafter, on June 3, 1998, Defendant Charles filed a Motion for Reduction of Sentence with this Court.

In a November 17, 1998 letter addressed to the Court, Defendant Charles apprises the Court of the progress he has made during his incarceration at the West Tennessee Detention Facility, as well as his exemplary behavior while at that facility. Defendant also submitted a November 2, 1998 Inmate Progress Report, completed by both a Counselor and Unit Manager at the facility where he is incarcerated, which purports to substantiate Defendant's claims of good behavior during his imprisonment.

In opposition to Defendant's Motion, the Government contends that Defendant's post conviction rehabilitation efforts are insufficient to justify the Court reducing Defendant's sentence.

## II. DISCUSSION

When a convicted felon seeks a reduction of his sentence he invariably invokes Rule 35.1 of the Local Rules of Criminal Procedure. Rule 35.1(b) of the Local Rules of Criminal Procedure (LRCR.) which is adopted by this Court pursuant to TERR. CT. R. 7 states in pertinent part that:

> The Court may reduce a sentence without motion within one hundred twenty (120) days after the sentence is imposed or probation is revoked, or within one hundred twenty (120) days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

The Virgin Islands parole procedure is another procedure afforded a prisoner who seeks to have his time of imprisonment reduced or who seeks his early release. Title 5, section 4601 of the Virgin Islands Code, which instructs on the eligibility of parole, provides as follows:

> Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, whose record of conduct shows that he has observed the rules of the institution in which he is confined, upon recommendation of the Director of the Bureau of Corrections supported by the recommendation of a psychiatrist and/or psychologist, may be released on parole after serving one-half of such term or terms or after serving 15 years of a life sentence or of a sentence of 30 years or more or after serving the minimum sentence required by law, whichever is greater; Provided, however, That the Board of Parole, in its discretion by at least a two-thirds affirmative vote of all its members, upon recommendation by the Directors of the Bureau of Corrections, supported by the recommendation of a psychiatrist and/or psychologist, is authorized to fix an earlier eligibility date for the release of a prisoner on parole after serving one-third of his term or terms or after serving 10 years of a life sentence or of a sentence of 30 years or more.

A motion for reduction of sentence is essentially a plea for leniency addressed to the sound discretion of the court. *Government of Virgin Islands v. Santiago*, 27 V.I. 232, 233, 798 F. Supp. 274 (D.C. V.I. 1992); *United States v. Glantz*, 884 F.2d 1483, 1487 (1st Cir. 1989). Likewise, a decision to reduce a valid sentence based on a post sentence plea for leniency is addressed to the discretion of the sentencing court, whose decision not to grant a reduction is reversible only for gross abuse of discretion. *See United States v. Idone*, 38 F.3d 693, 696 (3d Cir. 1994); *United States v. Sinclair*, 1 F.3d 329 (5th Cir. 1993); *United States v. Penta*, 940 F.2d 13, 14 (1st Cir. 1991). Because motions for reduction of sentence are addressed entirely to the discretion of the trial court judge, the judge can deny such motions for virtually any reason or for no reason. *See*, 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 586 (1982); *United States v. Smith*, 964 F.2d 885, 887 (9th

Cir. 1992); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996). Additionally, the sentencing judge is vested with "commodious" discretion when considering a motion to reduce a sentence, and his decision will not be overturned absent gross abuse of discretion. *United States v. Glantz*, 884 F.2d 1483, 1487 (1st Cir. 1989).

■ A L.R. CR. P. Rule 35.1 motion to reduce a sentence imposed pursuant to Virgin Islands law must be made within the 120-day statute of limitation imposed by Virgin Islands Code. In this case, Defendant correctly contends that a motion to reduce his sentence could not have been made while he pursued an appeal to two levels of appellate courts. *Government of Virgin Islands v. Leonard*, 922 F.2d 1141 (3d Cir. 1991). The rule is unmistakably clear that there is a new opportunity to move for reduction of a sentence, after an unsuccessful appeal. The reduction may be sought within 120 days after receipt by the district court of a mandate issued upon affirmance of a judgment or dismissal of the appeal. *United States v. Peltier*, 312 F.3d 938, 941 (8th Cir. 2002); *United States v. Fischer*, 821 F.2d 557, 559 (11th Cir. 1987). The 120-day statute of limitations or time for filing a motion for reduction of sentence was tolled by Defendant's appeals to the Appellate Division of the District Court and to the United States Third Circuit Court of Appeals. Defendant's motion for reduction of sentence was filed with the Court on July 22, 1998, and the date of the United States Third Circuit Court of Appeals' affirmance of the judgment was April 15, 1998. Therefore, Defendant's motion was timely filed. Accordingly, this Court can properly exercise jurisdiction over the matter and decides Defendant's motion.

■ The criminal justice system is operated for the benefit of society, as a whole. *Kelly v. Robinson*, 107 S. Ct. 353, 479 U.S. 36, 93 L. Ed. 2d 216 (1986). The appropriateness of a sentence, its length within the limits established by the legislature, and its ability to meet the aforementioned goals are reserved to the sound discretion of the Court. *Government of the Virgin Islands v. Grant*, 21 V.I. 20 (D.C. V.I. 1984); *See, United States v. Pruitt*, 763 F.2d 1256 (11th Cir. 1985), *United States v. Matthews*, 773 F.2d 48 (3d Cir. 1985). However, the nature of a Defendant's criminal conduct and an assessment of the harm caused by the defendant are legitimate concerns to be considered by the Court, when considering a motion for reduction of a sentence. *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597, 115 L. Ed. 2d 720 (1991);

165

*United States v. Zakhor*, 58 F.3d 464, 466 (9th Cir. 1995). Therefore, when making its determination the Court is guided by the goals of the criminal justice system, the purposes for imprisonment, and the reasons specified in the Defendant's motion.

Importantly, the party moving for reduction of a sentence must demonstrate some valid reason for the court to reconsider its earlier ruling and must set forth substantial facts or law to persuade the Court to reverse its earlier decision. *United States v. Woods*, 986 F.2d 669, 673 (3d Cir. 1993). In this case, a jury found Defendant Francis Charles guilty of various crimes of rape, larceny, assault, and false imprisonment committed against four victims, in four separate incidents over a protracted period. Additionally, on April 10, 1995, after conclusion of the trial, and despite overwhelming credible evidence supporting his convictions, Defendant Charles wrote a letter to the Court, in which he alleged that he was framed. Defendant further alleged that he never committed any of the crimes for which he was convicted. Defendant Charles asserted that because he had already served eight months in jail, for crimes that he did not commit, he deserved leniency from the Court. Obviously, at that time, the Defendant expressed no remorse and demonstrated neither the ability nor the willingness, to take any responsibility for the crimes he committed. Three years after the trial, in a letter dated June 18, 1998, Defendant Charles again pleaded with the Court to reduce his sentence.

The Court may reduce the sentence simply because it has reconsidered the sentence, but it usually will not do so where nothing is disclosed or divulged to justify a reduced sentence that was not already considered by the court when the initial sentence was imposed. 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 586 (1982). As a basis for his request, Defendant stated that his incarceration was causing a severe and profound hardship to his immediate and extended families. Undeniably, suffering by family members because of a defendant's incarceration does not provide a legitimate basis for reduction of a Defendant's sentence. *United States v. Weaver*, 884 F.2d 549, 551 (11th Cir. 1989). Similarly, hardship suffered by a Defendant's family because of his imprisonment and resulting inability to provide financial support for his family is not a basis for reduction of a sentence. *Id. See, United States v. Smith*, 839 F.2d 175, 179 (3d Cir. 1988); *United States v. Jones*, 724 F. Supp. 423 (M.D. La. 1989). It would have been

166

more appropriate for the Defendant to have considered the hardship that would be visited upon his family prior to his committing the dastardly crimes for which he was convicted.

In his June 18, 1998 letter, Defendant Charles further apprised the Court of the progress he has made during his incarceration at the West Tennessee Detention Facility. Annexed to his letter was the November 2, 1998 Inmate Progress Report, completed by both a counselor and unit manager at the facility, substantiating Defendant's claims of good behavior. Nowhere in the letter does Defendant mention the hardship, or the emotional or psychological trauma, which his criminal conduct visited upon the several victims of his predacious and villainous sexual assaults. Likewise, Defendant does not express any willingness to take responsibility for his heinous and reprehensible crimes.

Importantly, it seems to escape the Defendant's memory that his first victim almost drowned in her own swimming pool when he forcible submerged her head under water, causing her to lapse into unconsciousness, narrowly escaping death, while he systematically and brutishly raped her. This Court cannot ignore defendant's unrelenting acts of debasement and debauchery upon his female victims in an effort to quench his insatiable sexual appetite. Additionally, Defendant has forgotten that during his criminal escapades, he struck exasperating and traumatizing fear in his victims, by utilizing a gun in committing his despicable criminal deeds. Likewise, it escapes the Defendant's memory that despite one of his victim's plea of mercy, he callously ignored her plea and raped the victim in the presence of her minor daughter.

Although Defendant has belatedly taken responsibility for his actions, a Defendant's exemplary behavior and remorse for past mistakes do not justify a reduction of sentence. *Smith*, 964 F.2d at 887-888; *See*, *United States v. Cooper*, 685 F. Supp. 179 (N.D. Ill. 1988), *affirmed* 869 F.2d 1495, *certiorari denied* 109 S. Ct. 1965, 490 U.S. 1051, 104 L. Ed. 2d 433 (1988). Even if a Defendant has reflected with remorse and regret upon his criminal conduct, had been a contributing member of and a positive influence of the prison community, and has become imbued with religiosity, these facts would be insufficient to constitute such change of circumstances, meriting a reduction of Defendant's sentence. *United States v. Urdaneta*, 771 F. Supp. 28, 35 (E.D.N.Y. 1991). While Defendant's good behavior may have been laudable and commendable, it

does not automatically entitled [sic] him to a reduction of sentence, under Local Rule 35.1(b) of Criminal Procedure.

## III. CONCLUSION

The Court holds when nothing is disclosed since sentencing to justify or merit a reduction of sentence, neither a Defendant's claims of post conviction rehabilitation and good behavior, nor an assertion that Defendant's incarceration was causing a severe and profound hardship, financial or otherwise, to his immediate and extended families is sufficient to warrant the Court reducing a Defendant's sentence. This Court further concludes that Defendant has not proffered any cogent reasons to merit a reduction of sentence. Accordingly, Defendant's motion is denied and an appropriate Order will follow.