Salvador **RODRIGUEZ**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 92 Civ. 6645 (JES).

United States District Court,
S.D. New York.

Feb. 22, 1993.

You have heard what the government has said about what the maximum is here. Let me tell you that the five-year mandatory minimum means that I must impose a sentence of at least five years. Whatever additional time you receive between five years and the forty-year maximum, which the statute provides, will be to some extent controlled by what we call the sentencing guidelines.

*Id.* at 4. Rodriguez said he understood the applicable penalties and the guidelines. *Id.* at 4, 5.

At sentencing on July 31, 1990, the prosecutor advised the Court that Rodriguez's guidelines range of fifty-one to sixty-three months reflected a two-point reduction for acceptance of responsibility and a two-point reduction for a minor role in the offense. Sent.Tr. 2–4. The Court sentenced petitioner to the mandatory minimum under the statute of sixty months. Sent.Tr. 8.

Rodriguez did not appeal his conviction. In his § 2255 petition, he now attacks his sentence for ineffective assistance of counsel at the guilty plea.

Salvador Rodriguez, pro se.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City, for respondent (Stephen Fishbein, Asst. U.S. Atty., of counsel).

## MEMORANDUM OPINION AND ORDER

### SPRIZZO, District Judge.

Petitioner in the above-captioned action brings this 28 U.S.C. § 2255 petition to vacate his sentence on the ground that his guilty plea was the result of incompetent advice from his attorney. For the reasons that follow, the petition is dismissed.

## BACKGROUND

On May 22, 1990, petitioner pled guilty to conspiring to possess in excess of 500 grams of cocaine with intent to distribute. *See* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B). After the prosecutor advised the Court that the mandatory minimum sentence applicable to Rodriguez's case was five years, Plea Tr. 3, the Court addressed Rodriguez as follows:

## DISCUSSION

■ Where, as here, a defendant has failed to raise a claim on direct appeal, his claim is barred from collateral review on a § 2255 petition unless he can demonstrate "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *Campino v. United States,* 968 F.2d 187 (2d Cir.1992); *see also United States v. Frady,* 456 U.S. 152, 164–65, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1981). Under the cause and prejudice test, " '[c]ause' . . . must be something *external* to the petitioner, something that cannot be fairly attributed to him," *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (emphasis in original), and the "prejudice" must be so substantial that it undermines the integrity of the entire trial. *United States v. Frady,* 456 U.S. at 169–70, 102 S.Ct. at 1595–96.

All of the facts on which Rodriguez bases his claim of ineffective assistance of counsel

were known to him no later than at the close of sentencing, when his counsel completed work on his case. Having been thus placed in the possession of all of the facts relating to his attorney's alleged ineffective representation, it is not sufficient for Rodriguez to justify a failure to raise this claim on direct appeal by his alleged reliance on that same counsel's advice that there were no appealable issues. *See* Petitioner's Brief in support of motion to vacate at 2–3 ("Petitioner's Br.").

■ In any event, Rodriguez has failed to allege facts sufficient to support a claim of ineffective assistance of counsel. The standards governing ineffective assistance claims are well settled. The defendant must: (1) overcome a strong presumption that his counsel's conduct was reasonable and show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice," that is, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990); *United States v. Reiter*, 897 F.2d 639, 644–45 (2d Cir.1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); *United States v. Bari*, 750 F.2d 1169, 1182 (2d Cir.1984), *cert. denied*, 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985).

Although Rodriguez alleges that his attorney's advice to plead guilty was unreasonable in several respects, the Court finds these claims to be without merit for the following reasons. First, Rodriguez claims that he was not told of the consequences of his plea. Petitioner's Br. at 1. However, Rodriguez was clearly advised of the consequences of his plea by the Court. *See* Plea Tr. at 4. It follows that Rodriguez's knowing and voluntary decision to proceed with the plea despite the five year mandatory minimum demonstrates that his decision to plead guilty was not based on ignorance of the applicable penalties.

Second, Rodriguez argues that counsel's advice to plead guilty was ineffective because he would not have faced penalties any more severe had he gone to trial. Petitioner's Br. at 1, 3, 6. That contention is simply incorrect. As a result of the plea, Rodriguez was awarded a two-point reduction for acceptance of responsibility as well as a two-point reduction for Rodriguez's minor role in the offense. These reductions might not have been available had Rodriguez gone to trial. Without the four-point reduction, Rodriguez's guidelines range would have been seventy-eight to ninety-seven months,[1] well in excess of the five-year mandatory minimum. Therefore, Rodriguez's counsel's advice to plead guilty in order to benefit from a reduced guidelines range was reasonable and cannot properly be the basis of an ineffective assistance of counsel claim.

Finally, although Rodriguez contends that the advice to plead guilty failed to account for viable trial defenses available to him, Petitioner's Br. at 6, he has failed to identify any defense that his counsel improperly overlooked. Rodriguez admitted at his guilty plea that he had knowledge of the conspiracy, that he participated in it, and that he had a financial stake in its successful completion. *See* Plea Tr. 7–8. Accordingly, counsel's conclusion that Rodriguez was unlikely to prevail at trial was reasonable.

## CONCLUSION

The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is SO ORDERED.

---

1. Rodriguez's guidelines range would have been sixty-three to seventy-eight months without the two-point reduction for acceptance of responsi-

bility. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A (Nov. 1992).