Salvador **RODRIGUEZ**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Nos. 93 Civ. 2734 (JES).
90 Cr. 071.

United States District Court,
S.D. New York.

Oct. 28, 1994.

---

Salvador Rodriguez, petitioner pro se.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City, for respondent (Stephen Fishbein, Asst. U.S. Atty., of counsel).

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action brings this second 28 U.S.C. § 2255 petition to vacate his sentence, this time on the grounds that the Court should have departed downward in his sentence since he will face unduly harsh collateral consequences from his status as a deportable alien and that the Court erroneously failed to make a specific factual finding as to the quantity of cocaine involved in the conspiracy. For the reasons that follow, the petition is denied.

## BACKGROUND

On May 22, 1990, Petitioner pled guilty to conspiring to possess in excess of 500 grams of cocaine with intent to distribute. *See* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B). After the prosecutor advised the Court that the mandatory minimum sentence applicable to Rodriguez's case was five years, Plea Transcript dated May 22, 1990 ("Plea Tr.") at 3, the Court addressed Rodriguez as follows:

> You have heard what the government has said about what the maximum is here. Let me tell you that the five-year mandatory minimum means that I must impose a sentence of at least five years. Whatever additional time you receive between five years and the forty-year maximum, which the statute provides, will be to some extent controlled by what we call the sentencing guidelines.

*Id.* at 4. Rodriguez said he understood the applicable penalties and the guidelines. *Id.* at 4, 5.

At sentencing on July 31, 1990, the prosecutor advised the Court that Rodriguez's guidelines range of fifty-one to sixty-three months reflected a two-point reduction for acceptance of responsibility and a two-point reduction for a minor role in the offense. Sentencing Transcript dated July 31, 1990 ("Sent. Tr.") at 2–4. The Court sentenced Petitioner to the mandatory minimum under the statute of sixty months. *Id.* at 8.

Rodriguez did not appeal his conviction.

On September 21, 1992, Rodriguez filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction. Rodriguez argued that his guilty plea was invalid because it was the result of incompetent advice from his attorney. In a Memorandum Opinion and Order dated February 22, 1993, this Court rejected Rodriguez's habeas motion. *See Rodriguez v. United States,* 814 F.Supp. 343 (S.D.N.Y. 1993). This Court reasoned both that Rodriguez's claims were procedurally barred since he had not filed a direct appeal and that, in any event, his claims lacked merit, since he had not established any unreasonable errors on the part of his attorney. *Id.* at 345.

On April 27, 1993, Rodriguez filed a second § 2255 petition to vacate his sentence. In this new petition, Rodriguez challenges his sentence on the ground that he should have been awarded a downward departure since he will face unduly harsh collateral consequences from his status as a deportable alien and that the Court erroneously failed to make a specific factual finding as to the quantity of cocaine involved in the conspiracy.

## DISCUSSION

■ Where, as here, a defendant has failed to raise a claim on direct appeal, his claim is barred from collateral review on a § 2255 petition unless he can demonstrate "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *Campino v. United States,* 968 F.2d 187, 189 (2d Cir.1992); *see also United States v. Fra-*

*dy,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1981). Under the cause and prejudice test, " '[c]ause' . . . must be something *external* to the petitioner, something that cannot be fairly attributed to him," *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (emphasis in original), and the "prejudice" must be so substantial that it undermines the integrity of the entire trial. *Frady,* 456 U.S. at 169–70, 102 S.Ct. at 1594–96.

■ All of the facts on which Rodriguez bases his claims for a downward departure in his sentence and for a specific factual finding as to the quantity of narcotics quantity were known to him no later than the time of sentencing, but were neither raised on direct appeal nor in his first § 2255 petition. The only explanation offered for that failure is the petitioner's assertion that he had a "lack of understanding of the legal process," Petitioner's Traverse to Government's Response at 10 ("Petitioner's Reply Br."), which is clearly not sufficient. *See Douglas v. United States,* 13 F.3d 43, 47–8 (2d Cir.1993).

■ Moreover, Rodriguez has not demonstrated any prejudice from the failure to raise these claims since they clearly lack merit. Rodriguez's contention that the Court should have departed downward in sentencing because of the allegedly unduly harsh collateral consequences he will suffer due to his status as a deportable alien is untenable. Where, as here, a defendant is subject to a mandatory minimum sentence imposed by the statute, no such departure is permissible absent cooperation, which is clearly not the case here. *See United States v. Johnson,* 988 F.2d 859 (8th Cir.1993); *United States v. Contreras,* 895 F.2d 1241, 1243 (9th Cir.1990). Moreover, even assuming, *arguendo,* that the Court had the discretion to depart downward for reasons other than cooperation with the Government, the Second Circuit has squarely rejected the argument that the collateral consequence of deportation is a permissible basis for a downward departure. *See United States v. Restrepo,* 999 F.2d 640, 644–45 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993).

Furthermore, Petitioner's argument that the Court erroneously failed to make a specific factual finding as to the quantity of cocaine involved also lacks merit because Rodriguez conceded at his sentencing hearing that the quantity was above 500 grams. A finding as to foreseeability is necessary only where defendant asserts that he is responsible for a lower quantity of narcotics than that with which he is charged. *See United States v. Negron*, 967 F.2d 68, 72 (2d Cir.1992). Since Rodriguez did not make that claim but rather admitted at his guilty plea that he knew that the conspiracy involved the purchase of two kilograms of cocaine and that he personally was carrying enough money for the purchase of one kilogram, Plea Tr. at 7–8, there was no need for the Court to make a factual finding with respect to quantity.

*United States v. Miranda–Ortiz*, 926 F.2d 172 (2d Cir.1991), upon which Rodriguez relies, is factually and legally inapposite. In that case, the Second Circuit held that where a defendant joins a broad-ranging narcotics conspiracy years after it has begun, the sentencing court should only hold the defendant responsible for quantities of narcotics that he reasonably could have known about or were foreseeable to him. *Id.* at 178. Here, the conspiracy was not broad-ranging, nor did Rodriguez join the conspiracy years after it began.

## CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to 28 U.S.C. § 2255 shall be and hereby is denied. The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**