**UNITED STATES of America, Plaintiff,**

v.

**Corey MEDLEY, Defendant.**

**CRIM.A. No. 99–11–JJF.**
**CIV.A. No. 00–914–JJF.**

United States District Court, D. Delaware.

Oct. 22, 2001.

Colm F. Connolly, U.S. Attorney, Robert J. Prettyman, Asst. U.S. Attorney, U.S. Department of Justice, Wilmington, DE, for Plaintiff.

Corey Medley, Pro Se Defendant.

### *MEMORANDUM OPINION*

FARNAN, District Judge.

Pending before the Court is a Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 ("Section 2255 Motion") (D.I.32) filed by Defendant Corey Medley seeking relief from his federal conviction and sentence for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). For the reasons set forth below, Defendant's Section 2255 Motion will be denied.

### BACKGROUND

On January 12, 1999, a grand jury indicted Defendant on two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On July 22, 1999, Defendant pled guilty to one of the aforementioned counts pursuant to a

Memorandum of Plea Agreement. (D.I. 42 at A–11–13). In so doing, Defendant stipulated to a Statement of Facts which alleged that Defendant distributed crack cocaine base in two transactions to a witness cooperating with the DEA. Specifically, the Statement of Facts alleges that Defendant distributed 107.7 grams of crack cocaine base to the DEA witness in exchange for $2,000.00 on July 3, 1997 and 83.6 grams of crack cocaine base in exchange for $1,350.00 on September 3, 1997. (D.I. 42 at A–13). In addition to stipulating to the facts contained in the Statement of Facts, Defendant also stipulated "that the amount of cocaine base a.k.a. crack cocaine attributable to the defendant for sentencing is 191.3 grams." (D.I. 42 at A–11).

Based on the stipulated facts, a Pre-Sentence Report was prepared for Defendant. According to the Pre–Sentence Report, Defendant faced a guideline range of 87–108 months imprisonment. At his October 26, 1999 sentencing, Defendant indicated that he understood the guideline range of imprisonment that he faced as a result of the amount of crack cocaine attributable to him, and Defendant raised no objections to the Pre–Sentence Report. (D.I. 42 at A–34–35). Adopting the factual findings and guideline calculations in the Pre–Sentence Report, the Court sentenced Defendant to 87 months imprisonment. (D.I. 42 at A–35–36). Defendant did not appeal the Court's sentencing, but filed the instant Section 2255 Motion nearly one year later.

By his Section 2255 Motion, Defendant raises three claims. Specifically, Defendant contends that: (1) he was improperly sentenced under the Sentencing Guidelines for the delivery of "crack" cocaine, when the Government's evidence related only to cocaine powder or base; (2) his post-sentence rehabilitation efforts entitle him to a reconsideration of his sentence; and (3) his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court will examine each of Defendant's claims in turn.

## DISCUSSION

### I. Defendant's Claim That He Was Improperly Sentenced Under The Sentencing Guidelines For Crack Cocaine

By his Section 2255 Motion, Defendant contends that he was improperly sentenced under the United States Sentencing Guidelines for delivery of "crack" cocaine. Specifically, Defendant contends that the Government only established that he delivered cocaine base or powder and had no evidence that he delivered "crack."

 It is well-established that Section 2255 may not be utilized as a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (collecting cases). Accordingly, federal courts apply a procedural default rule to bar consideration of claims which a defendant could have raised on direct appeal, but did not. *Id.* at 168, 102 S.Ct. 1584. In order to overcome the procedural bar, a defendant must show "cause" excusing the procedural default and "actual prejudice" resulting from the errors of which he or she complains. *Id.* at 167–68, 102 S.Ct. 1584. In further defining the "cause and actual prejudice standard," courts have held that cause exists where a factor external to the defense prevented a defendant from complying with the procedural rule, and actual prejudice exists where the alleged error actually worked a substantial disadvantage to a defendant. *Kikumura v. United States,* 978 F.Supp. 563, 574–75 (D.N.J.1997) (citations omitted); *Rodriguez v. United States,* 866 F.Supp. 783, 785 (S.D.N.Y.1994) (citations omitted).

 In this case, Defendant did not file a direct appeal of his conviction or sen-

tence. Accordingly, Defendant must show cause and prejudice to prevail on his claim that he was improperly sentenced. Defendant has not alleged cause for his default, and even if Defendant could establish cause for his default, the Court concludes that Defendant cannot establish prejudice.

■ Defendant contends that the Government did not prove that he distributed "crack" cocaine; however, in signing the Memorandum of Plea Agreement in this case, Defendant expressly stipulated to a Statement of Facts alleging that he distributed crack cocaine base. (D.I. 41 at A–11). Defendant also stipulated to the amount of crack cocaine attributable to him by virtue of a second statement in the Memorandum of Plea Agreement attributing 191.3 grams of crack cocaine base to Defendant. (D.I. 42 at A–11). In addition to the stipulations contained in the Memorandum of Plea Agreement signed by Defendant, Defendant also acknowledged the accuracy of these facts at his hearings before the Court. At his guilty plea hearing, Defendant expressly agreed with the Statement of Facts as read by the Government and confirmed that the events transpired in the manner stated by the Government. (D.I. 42 at A–23). Defendant then reiterated his agreement with these facts at the sentencing hearing when he raised no objections to the Pre–Sentence Report which contained several references to the stipulated facts. (D.I. 42 at A–34). Because the Court properly relied on Defendant's admissions in determining the type and quantity of drugs attributable to him, the Court concludes that Defendant cannot establish prejudice to excuse his procedural default.[1] Accordingly, Defendant's claim that he was improperly sen-

tenced under the crack guidelines will be dismissed.

## II. Defendant's Claim That His Post–Sentencing Rehabilitation Warrants Reconsideration Of His Sentence

Defendant next contends that he is entitled to a reconsideration of his sentence based upon his post-sentence rehabilitation. Specifically, Defendant directs the Court to the Court of Appeals for the Third Circuit's decision in *United States v. Sally*, 116 F.3d 76, 77–82 (3d Cir.1997).

Since the filing of his Motion, Defendant has sent the Court a letter detailing his progress and his efforts at rehabilitation. (D.I.37). The Court commends Defendant for his efforts and accomplishments in prison; however, the Court's authority to modify Defendant's previously imposed sentence is limited. *See e.g. United States v. Stewart*, 2000 WL 1005797, *3 (E.D.Pa. Jul.17, 2000). Defendant relies on the Third Circuit's decision in *Sally* for the proposition that the court may downwardly depart from the applicable guideline range based on post-conviction rehabilitation. 116 F.3d 76 (3d Cir.1997). In *Sally*, the defendant was convicted of several drug charges, as well as charges related to the use of a gun during drug trafficking. Pursuant to a successful Section 2255 motion, defendant's conviction for the gun charge was dismissed. As a result, defendant's original sentence was vacated, and the court held a resentencing hearing. The court stated that a downward departure might be applicable based on defendant's "valiant efforts to turn his life around;" however, the court concluded that it lacked the authority to base a downward depar-

---

1. For the same reasons that Defendant cannot establish prejudice, the Court concludes, in the alternative, that Defendant cannot establish that a complete miscarriage of justice has occurred such that he is entitled to relief on his claim. *See e.g. United States v. Cepero,*

224 F.3d 256, 267 (3d Cir.2000) (recognizing that Section 2255 petitions "serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred").

ture on defendant's post-conviction rehabilitation efforts. *Id.* at 78. Reversing the district court's decision, the Third Circuit concluded that the district court could consider extraordinary or exceptional postconviction rehabilitation efforts in resentencing the defendant. *Id.* at 81–82.

■ After reviewing the *Sally* decision, the Court finds it distinguishable from the circumstances of this case. In this case, Defendant's original sentence has not been vacated and the rehabilitative conduct to which Defendant refers occurred subsequent to Defendant's sentencing. As courts interpreting the *Sally* decision have recognized, *Sally* is limited to "postconviction, pre-sentence conduct" in circumstances in which the defendant is resentenced for reasons independent of the rehabilitation.[2] *United States v. Gallagher*, 1998 WL 42282, * 5 (E.D.Pa. Jan.9, 1998) ("It is only on the occasion of initial sentencing, or of resentencing for other reasons, that *Sally* allows the court to consider post-conviction rehabilitation in support of a motion for a downward departure from the Guidelines. The rehabilitation does not, in itself, provide grounds for resentencing."); *Johnson v. United States*, 1998 WL 964200, *2 (E.D.Pa. Nov.3, 1998) (holding that *Sally* provides no support for reducing a previously imposed valid sentence based on post-conviction rehabilitation). Because Defendant is not eligible for resentencing on independent grounds at this time, and because Defendant's rehabilitative conduct occurred subsequent to Defendant's initial sentencing, the Court concludes that Defendant is not entitled to a reduction in the previously imposed sentence based on his post-conviction rehabilitative efforts.

**2.** *See also United States v. Watson*, 2000 WL 1840080, *2 (D.Me. Dec.14, 2000) (distinguishing *Sally* and concluding that rehabilitative conduct alone does not authorize downward departure absent some other basis for

## III. Defendant's Claim That His Sentence Violates *Apprendi*

■ Defendant next contends that his sentence violates the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Specifically, Defendant contends that

> the Government is not permitted to seek an enhanced sentence beyond a base guideline sentence unless the Indictment specifically charges the defendant with the specific accusations required for an enhancement. Further the Government must then prove the accusations beyond a reasonable doubt. Neither of these occurred in my case and the sentence must be changed and reduced.

(D.I. 32 at ¶ 4).

The Third Circuit has yet to rule expressly on the question of whether the rule announced by the Supreme Court in *Apprendi* applies retroactively to cases on collateral review. However, this Court has concluded, consistent with the majority of courts addressing the issue, that *Apprendi* does not have retroactive application. *United States v. Robinson*, 2001 WL 840231 (D.Del. Jul.20, 2001) (Farnan, J.) (collecting cases). Accordingly, the Court concludes that Defendant is not entitled to relief on his *Apprendi* claim.

## CONCLUSION

For the reasons discussed, Defendant's Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 will be denied.

An appropriate Order will be entered.

sentencing); *United States v. Rowan*, 2000 WL 288386, * 2 (N.D.Cal. Jan.24, 2000) (same); *Bryant v. United States*, 48 F.Supp.2d 188, 191 (N.D.N.Y.1999) (same).

## ORDER

At Wilmington, this 22 day of October 2001, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendant's Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (D.I.32) is DENIED.

2. Because the Court finds that Defendant has failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.