MEMORANDUM OPINION
 

 FARNAN, District Judge.
 

 Presently before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I.67) filed by Defendant Travis Antonio West. For the reasons set forth below, the Court will deny Defendant’s Motion.
 

 BACKGROUND
 

 On March 15, 2002, Defendant was charged by criminal complaint with conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. A warrant was issued for Defendant’s arrest, and he was subsequently apprehended on March 27, 2002.
 

 On April 1, 2002, the Honorable Gregory M. Sleet held a preliminary hearing on the charges. Ronald Marzec, an officer with the Delmar Police Department and a member of the United States Drug Enforcement Administration (“DEA”) Task Force, testified on behalf of the Government that he had been conducting an investigation of a crack cocaine distribution organization in
 
 *DCLI
 
 the area of Laurel, Delaware. Officer Marzec testified about two undercover buy/bust operations, one on February 16, 2000, and one on March 3, 2000, involving the purchase of crack cocaine by an undercover officer from Defendant. Both of these transactions were monitored by Officer Marzec, because the undercover officer wore a Kel device. The second transaction was also recorded on videotape by the DEA.
 

 Although these transactions occurred in 2000, Defendant was not arrested until 2002, because of an ongoing drug investigation of Defendant and others. The Government also represented to the Court that the police approached Defendant about cooperating with the Government, but Defendant declined.
 

 On April 9, 2002, Defendant and his brother, co-defendant Hitchens, were indicted on charges of (1) conspiracy to distribute cocaine base on February 16, 2000, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846; (2) distribution of cocaine base on February 16, 2000, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; (3) conspiracy to distribute five grams or more of cocaine base on March 3, 2000, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846; and (4) distribution of five grams or more of cocaine base on March 3, 2000, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Shortly after the Indictment issued, the Government sent a letter to Defendant’s counsel offering a plea to Count Three of the Indictment. Defendant’s counsel was initially unsatisfied with this plea offer, because the charge carried a five year mandatory minimum sentence. However, after several attempts to persuade the Government to offer Defendant a plea to Counts I or II of the Indictment, Defendant’s counsel sent a letter to the Government indicating that Defendant had agreed to accept the plea offer and enclosing the signed Memorandum of Plea Agreement.
 

 Defendant entered his guilty plea before the Court on June 19, 2002. Pursuant to the terms of the Plea Agreement, Defendant admitted that he and his co-defendant agreed to sell 12.8 grams of crack to a customer for $700. Defendant negotiated the deal with the customer and his co-defendant delivered the crack and collected the money. The Plea Agreement also apprised Defendant that the penalty for the charges included imprisonment for at least 5 years, but not more than 40 years, a fine of up to $2 million, 4 years of supervised release and a $100 special assessment. Defendant was also placed on notice by the terms of the Plea Agreement that Defendant’s sentence would be based upon all his relevant conduct, and the Government intended to argue at sentencing that Defendant was responsible for at least 17.2 grams of crack, which included 4.4 grams from the February 16, 2000 sale and the 12.8 grams from the sale that was the subject of the Plea.
 

 The Court reviewed the Plea Agreement with Defendant at the hearing, and Defendant agreed to the facts as proffered by the Government. The Court accepted Defendant’s plea and the matter was scheduled for sentencing.
 

 Prior to sentencing the Government learned of additional relevant conduct on the part of Defendant as a result of the cooperation of his co-defendant. Defense counsel objected to the use of this additional relevant conduct in calculating Defendant’s sentencing range under the Guidelines, and the Government agreed to withdraw the additional relevant conduct. However, the Government sought a two point enhancement pursuant to U.S.S.G. § 3Bl.l(c) based on Defendant’s role as an organizer leader, manager or supervisor in
 
 *DCLII
 
 the offense, and Defendant’s counsel moved for a downward departure (1) pursuant to
 
 U.S.S.G. §
 
 4A1.3 on the grounds that Defendant’s criminal history category of II overrepresented the seriousness of his past criminal conduct and the likeliness that he would commit other crimes, and (2) pursuant to U.S.S.G. §§ 5K2.0 and 5H1.6 on the grounds of extraordinary family circumstances. Based on the amount of cocaine involved in the offense, the two point enhancement for his role in the offense, and a three point reduction for the acceptance of responsibility, the Probation Office calculated Defendant’s total offense level at 25. With a criminal history category of II, Defendant’s guideline range was 63 to 78 months. Without the two point enhancement, Defendant would have an offense level of 23 which would put him at the guideline range of 51 to 63 months.
 

 At the sentencing hearing, the Court denied the Government’s request for a two-point enhancement finding that the preponderance of the evidence did not support the Government’s assertion that Defendant was an organizer, manager or leader in the offense. The Court also denied Defendant’s request for a downward departure. Consistent with the request of Defendant’s counsel at the hearing, the Court sentenced Defendant to the mandatory minimum sentence of five years or sixty months imprisonment, and four years of supervised release.
 

 Defendant did not appeal his sentence, but timely filed the instant Section 2255 Motion. By his Motion, Defendant contends that (1) he did not make a knowing, intelligent and voluntary guilty plea; (2) the Indictment violated
 
 Apprendi
 
 by failing to charge Defendant with the essential elements of the offense; (3) the audio and video recordings of the undercover drug transaction were obtained in violation of Title III and the Fourth Amendment and should be suppressed; and (4) the Court should grant a downward departure based on the Government’s misconduct, Defendant’s personal characteristics and his post-sentencing rehabilitation efforts. Defendant also contends that his counsel provided ineffective assistance by (1) advising him to plead guilty without investigation; (2) failing to inform him of the mandatory minimum penalty and the essential elements of the offense to which he pled guilty; and (3) failing to raise the above-mentioned arguments to the Court. The Government has filed a response to the motion contending that Defendant’s claims are either procedurally barred, not cognizable for collateral review or without merit. Defendant has also filed a Traverse to the Government’s Response. Accordingly, this matter is ripe for the Court’s review.
 

 DISCUSSION
 

 Although Defendant has not requested an evidentiary hearing, as a preliminary matter, the Court must determine whether an evidentiary hearing is required in this case. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has reviewed the Motion, Answer Brief, Traverse, transcripts and other documents submitted by the parties and concludes that the record is sufficient for the Court to fully evaluate the issues presented by Defendant.
 
 Government of the Virgin Islands v. Forte,
 
 865 F.2d 59, 62 (3d Cir.1989) (holding evidentiary hearing not required where motion and record conclusively show movant is not entitled to relief and decision to order hearing is committed to sound discretion of district court);
 
 Soto v. United States,
 
 369 F.Supp. 232, 241-242 (E.D.Pa.1973) (holding that crucial inquiry in determining whether to hold hearing is whether additional facts are required for fair adjudication);
 
 aff'd,
 
 504 F.2d 1339 (3d Cir.1974). Accordingly,
 
 *DCLIII
 
 the Court concludes that an evidentiary hearing is not required in this case.
 

 I. Whether Defendant’s Plea Was Voluntary
 

 By his Motion, Defendant contends that his guilty plea was entered involuntarily as a result of (1) counsel’s failure to investigate his case, and (2) his lack of understanding concerning his sentence and the rights he would be waiving by pleading guilty. Defendant did not file a direct appeal, and therefore, his claims were not raised before the Third Circuit. However, Defendant alleges in his Motion that his procedural default should be excused as a result of the ineffective assistance of his counsel.
 

 It is well-established that Section 2255 may not be utilized as a substitute for direct appeal.
 
 United States v. Frady,
 
 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (collecting cases). Accordingly, federal courts apply a procedural default rule to bar consideration of claims which a defendant could have raised on direct appeal, but did not.
 
 Id.
 
 at 168, 102 S.Ct. 1584. In order to overcome the procedural bar, a defendant must show “cause” excusing the procedural default and “actual prejudice” resulting from the errors of which he or she complains.
 
 Id.
 
 at 167-68, 102 S.Ct. 1584. In further defining the “cause and actual prejudice standard,” courts have held that cause exists where a factor external to the defense prevented a defendant from complying with the procedural rule, and actual prejudice exists where the alleged error actually worked a substantial disadvantage to a defendant.
 
 Kikumura v. United States,
 
 978 F.Supp. 563, 574-75 (D.N.J.1997) (citations omitted);
 
 Rodriguez v. United States,
 
 866 F.Supp. 783, 785 (S.D.N.Y.1994) (citations omitted).
 

 In this case, Defendant has alleged cause based on ineffective assistance of counsel. However, even if Defendant can establish cause for his procedural default, the Court concludes that Defendant cannot establish actual prejudice as a result of his claims.
 
 [1]
 

 
 *DCLIV
 
 Defendant contends that his guilty plea was entered involuntarily, because his counsel was ineffective in advising him to plead guilty without conducting any investigation. “Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel’s advice ‘was within the range of competence demanded of attorneys in criminal cases.’ ”
 
 Hill v. Lockhart,
 
 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). To resolve this inquiry, the Court must apply a modified version of the two-pronged test set forth in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 Under
 
 Strickland,
 
 a petitioner must demonstrate both: “(1) that counsel’s representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel’s error the result would have been different.”
 
 Strickland,
 
 466 U.S. at 687-96, 104 S.Ct. 2052. Where, as here, a defendant has entered a guilty plea on the advice of counsel, the second prong is modified so that the defendant must show that there is a reasonable probability that, but for counsel’s errors, the defendant would have proceeded to trial instead of pleading guilty.
 
 See U.S. v. Kauffman,
 
 109 F.3d 186, 190 (3d Cir.1997) (citing
 
 Parry v. Rosemeyer,
 
 64 F.3d 110, 118 (3d Cir.1995)). A reasonable probability is one which is “sufficient to undermine confidence in the outcome.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. In analyzing the applicability of these two prongs, the Court must indulge in a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.
 
 Id.
 
 at 688-89, 104 S.Ct. 2052.
 

 Turning initially to the second prong of the
 
 Strickland
 
 analysis, the Court must determine whether there is a reasonable probability that, but for counsel’s errors, Defendant would have proceeded to trial instead of pleading guilty. Where, as here, the alleged error of counsel is a failure to investigate, “the determination [of] whether the error ‘prejudiced’ the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that the discovery of the evidence would have led counsel to change his recommendation as to the plea.”
 
 Hill,
 
 474 U.S. at 59, 106 S.Ct. 366. In this case, Defendant does not specify the type of evidence his counsel would have discovered had he conducted an investigation or how the discovery of the evidence would have changed his counsel’s recommendation that he plead guilty.
 
 See United States v. Jones,
 
 336 F.3d 245, 255 (3d Cir.2003). Because Defendant has not shown that an investigation into his case would have changed his decision to plead guilty or his counsel’s recommendation that he plead guilty, the Court concludes that Defendant cannot satisfy the second prong of
 
 Strickland.
 

 As for the first prong of
 
 Strickland,
 
 the Court likewise concludes that Defendant cannot establish that his counsel’s performance fell outside the wide range of reasonable professional assistance. In the context of counsel’s duty to investigate, the Third Circuit has held that strategic choices made after a less than complete investigation are reasonable to the extent that reasonable professional judgment supports the limitations on the investigation.
 
 United States v. Gray,
 
 878 F.2d 702, 710 (3d Cir.1989) (citing
 
 Strickland,
 
 466 U.S. at 690-691, 104 S.Ct. 2052). In this ease, the Court concludes that counsel’s investigation was reasonable under the circumstances. Counsel had the opportunity to cross-examine Officer Marzec, and Defendant admits that he informed counsel of his version of events. (D.I. 67 at 26). In
 
 *DCLV
 
 light of this information, the Court concludes that it was reasonable for counsel to forgo further investigation and advise Defendant to plead guilty. Counsel’s recommendation that Defendant plead guilty was also reasonable given the sentencing ranges faced by Defendant. By pleading guilty, Defendant received a three level reduction in his offense level for the acceptance of responsibility, which put his sentencing range at 51 to 63 months. Had defendant gone to trial and been convicted, he would not have received the three level reduction and his sentencing range would have been 70 to 87 months. Given the strength of the Government’s ease and the reduction in sentencing range that Defendant would receive by pleading guilty, the Court concludes that counsel’s recommendation that Defendant plead guilty was within the wide-range of reasonable professional assistance. Accordingly, the Court concludes that Defendant cannot establish that his plea was involuntary as a result of ineffective assistance of counsel.
 

 Defendant also contends that his plea was involuntary because he was not aware of the mandatory minimum sentence of five years, did not understand the law applicable to his offense and did not understand the nature of the constitutional protections he was waiving by pleading guilty. (D.I. 67 at 12-13, 26-28). However, Defendant’s assertions are contradicted by the record in this case. The Memorandum of Plea Agreement, signed by Defendant, contained both the elements of the offense to which Defendant pled guilty and the sentencing range he faced. That Defendant knew the sentencing range and understood the charges he faced is further demonstrated by his responses to the Court’s questions at the plea colloquy and the Court’s remarks. The Court expressly advised Defendant that he faced a penalty of at least five years and not more than forty years, and Defendant indicated that he understood the penalty. (D.I. 75, Exh. I at 7). The Court also asked Defendant if he understood the charges, and Defendant indicated that he had an adequate opportunity to review the Indictment with his counsel and that he understood the charges. The Court further confirmed Defendant’s understanding of the charges by asking Defendant to explain in his own words what he did that made him guilty of Count Three of the Indictment. (D.I. 75, Exh. I at 5). Given Defendant’s responses to the plea colloquy, the Court is persuaded that Defendant both knew and understood the charges and sentencing range he faced.
 
 See e.g. United States v. Tannis,
 
 942 F.2d 196, 197 (3d Cir.1991).
 

 As for his claim that he was unaware of the rights he was waiving by pleading guilty, the Court further concludes that Defendant’s claim is unsupported by the record. At the outset of the plea colloquy, Defendant’s counsel informed the Court that he had “counseled [Defendant] on the constitutional rights he w[ould] be waiving,” and the Court thereafter expressly reviewed with Defendant the rights he would be waiving by pleading guilty. (D.I. 75, Exh. I at 2). Defendant then indicated that he understood all of the rights he was waiving. (D.I. 75, Exh. I at 2, 8-11). Accordingly, the Court concludes that Defendant’s plea was both knowing and voluntary, and therefore, Defendant is not entitled to federal habeas relief.
 
 [2]
 

 Tannis,
 
 942 F.2d at 197.
 

 
 *DCLVI
 
 II. Whether The Indictment Was Constitutionally Defective
 

 By his Section 2255 Motion, Defendant makes three arguments that the Indictment was defective. Specifically, Defendant contends that the Indictment (1) violates
 
 Apprendi,
 
 (2) fails to charge an offense, and (3) is multiplicitous. Defendant also alleges that his counsel was ineffective for failing to raise these issues before the Court.
 

 Because Defendant did not file a direct appeal, his claims, with the exception of ineffective assistance of counsel, are procedurally barred unless he can establish cause and prejudice or that a miscarriage of justice will result if the Court does not consider the merits of his claims. As with his previous claim, Defendant alleges cause based on ineffective assistance of counsel. However, even if Defendant can establish cause, the Court concludes that Defendant cannot establish prejudice or a miscarriage of justice because his claims lack merit.
 
 [3]
 

 With respect to his claim of an
 
 Apprendi
 
 violation, Defendant contends that the Indictment failed to identify the exact amount of cocaine base that Defendant is charged with conspiring to distribute. However, the Third Circuit has recently concluded that an indictment need not specify the precise weight of drugs involved, so long as the indictment alleges the quantity necessary to put the defendant on notice of the maximum penalty he is facing.
 
 United States v. Gori,
 
 324 F.3d 234, 236-237 (3d Cir.2003). In this case, the Indictment indicated that Defendant was charged with distributing 5 grams or more of cocaine base. Accordingly, the Indictment was sufficient to put Defendant on notice that he faced enhanced penalties under 21 U.S.C. § 841(b)(1)(B).
 
 [4]
 

 Defendant next contends that the Indictment was insufficient, because it did not contain the elements of the offenses charged. Specifically, Defendant contends that the Indictment did not include the mens rea required for Count Three of the Indictment charging him with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Defendant also contends that aiding and abetting should have been charged in the conspiracy counts.
 

 Pursuant to Rule 7 of the Federal Rules of Criminal Procedure, an indictment “must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.” Fed.R.Crim.P. 7(c)(1). The Third Circuit has held that an indictment is sufficient if it: (1) contains the elements of the offenses charged and fairly informs a defendant of the charges against which he must defend, and (2) enables the defendant to avoid subsequent prosecution for the same offense.
 
 United States v. Hodge,
 
 211 F.3d
 
 *DCLVII
 
 74, 76 (3d Cir.2000). “ ‘Failure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication.’ ”
 
 Id.
 
 at 77 (quoting
 
 Government of the Virgin Islands v. Moolenaar,
 
 133 F.3d 246, 249 (3d Cir.1998)). In this case, the Indictment tracks the statutory language of the offenses charged and asserts that Defendant “knowingly conspired and agreed ... to knowingly distribute cocaine.” Accordingly, the Court concludes that the Indictment is not constitutionally defective.
 
 See Hodge,
 
 211 F.3d at 77 (holding that indictment on charge of robbery was sufficient, even though it did not specifically recite intent element, where indictment tracked the statutory language which did not include an element of specific intent);
 
 United States v. Wallace,
 
 578 F.2d 735, 741 (8th Cir.1978) (holding that indictment sufficiently charged defendant with violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 where it failed to include essential element of knowledge, but referenced §§ 841(a)(1) and 846).
 

 As for Defendant’s contention that the Indictment should have charged aiding and abetting in the conspiracy counts, the Court likewise concludes that the Indictment is not defective for failing to charge aiding and abetting. Conspiring to commit a crime and aiding and abetting another to actually commit the crime are two separate and distinct crimes. The Government retains the discretion to determine which charges should be brought against a particular defendant, and therefore, the Government was under no obligation to charge Defendant with aiding and abetting.
 
 United States v. Krogstad,
 
 576 F.2d 22, 28 (3d Cir.1978).
 

 In addition, Defendant contends that the Indictment is multiplicitous because it charges him with conspiracy to distribute cocaine base, as well as substantive counts of actual distribution which form the basis for the conspiracy charge. An indictment is multiplicitous if it charges a single offense in different counts. A multiplicitous indictment may violate double jeopardy or otherwise prejudice the defendant if it results in multiple sentences for a single offense.
 
 United States v. Haddy,
 
 134 F.3d 542, 548 n. 7 (3d Cir.1998).
 

 In this case, Defendant only pled guilty to one count, Count Three of the Indictment. Accordingly, even if the Indictment was multiplicitous, Defendant suffered no harm or prejudice, because he was only convicted of one count and was not subject to multiple sentences for the same conduct. Further, the Indictment was not multiplicitous, because the commission of a substantive offense and the conspiracy to commit that offense are considered separate crimes. Indeed, courts have recognized that Congress intended separate sentences for conspiracy under 21 U.S.C. § 846 and for the substantive drug offenses forming the basis of the conspiracy.
 
 United States v. Johnson,
 
 977 F.2d 1360, 1371 (10th Cir.1992).
 

 Because Defendant’s claims regarding the Indictment are not meritorious, the Court also concludes that Defendant cannot establish that his counsel was ineffective for failing to present these claims to the Court.
 

 III. Whether The Audio And Video Surveillance Recordings Were Obtained In Violation Of Title III Of The Omnibus Crime Control And Safe Streets Act And The Fourth Amendment
 

 Defendant next contends that the audio and video surveillance tapes of his conduct on March 3, 2000 were obtained in viola
 
 *DCLVIII
 
 tion of Title III of the Omnibus Crime Control And Safe Streets Act of 1968 (the “Crime Control Act”) and the Fourth Amendment. Specifically, Defendant contends that the Government did not obtain a court order to use these types of surveillance, and therefore, the evidence obtained from the surveillance tapes should have been suppressed. (D.I. 67 at 55-71). Defendant also contends that his counsel was ineffective for failing to raise these issues. (D.I. 67 at 71-72).
 

 As a threshold matter, the Court points out that a violation of a federal wiretapping statute is not cognizable under 28 U.S.C. § 2255.
 
 Fiumara v. United States,
 
 727 F.2d 209, 213 (2d Cir.1984). In addition, Defendant waived any challenges under the Fourth Amendment by pleading guilty.
 
 See United States v. Arango,
 
 966 F.2d 64, 66 (2d Cir.1992). Further, with the exception of his ineffective assistance of counsel claim, Defendant’s claims are procedurally barred, and Defendant has not established that his procedural default should be excused.
 
 [5]
 

 However, even if the Court were to consider the merits of Defendant’s claim, the Court would conclude that Defendant is not entitled to relief. Title III of the Crime Control Act provides for an exception to the prohibition against the use of the contents of electronically recorded conversations where a party to the conversation has given consent prior to the recording. Where, as here, a law enforcement officer or a government informant participates in a conversation and records a conversation without a warrant, courts have found no violation of Title III or the Fourth Amendment. See
 
 United States v. White,
 
 401 U.S. 745, 749-753, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971);
 
 United States v. Lee,
 
 359 F.3d 194, 200 (3d Cir.2004);
 
 United States v. Tangeman,
 
 30 F.3d 950, 952 (8th Cir.1994);
 
 United States v. Antoon,
 
 933 F.2d 200, 203 (3d Cir.1991).
 

 With respect to the use
 
 of the
 
 video surveillance, Defendant’s claim is governed by the Fourth Amendment. To establish a violation of the Fourth Amendment, the Defendant must show that he had a legitimate expectation of privacy in the invaded place.
 
 Minnesota v. Olson,
 
 495 U.S. 91, 95, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). In this case, Defendant admits that he was standing outside in public at the time he was videotaped, and therefore, Defendant cannot be said to have a legitimate expectation of privacy.
 
 See e.g. Katz v. United States,
 
 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (“[W]hat a person knowingly exposes to the public, even in his home or office, is not a subject of Fourth Amendment protection.”);
 
 United States v. Gonzalez,
 
 328 F.3d 543, 548 (9th Cir.2003) (recognizing that videotaping of suspects in public places does not violate the Fourth Amendment);
 
 Rodriguez v. United States,
 
 878 F.Supp. 20, 24 (S.D.N.Y.1995). Accordingly, the Court concludes that Defendant cannot establish that his Fourth Amendment rights were violated by the Government’s use of video surveillance.
 

 Further, to the extent that Defendant contends that his counsel was ineffective for failing to raise these issues, the Court concludes that Defendant cannot establish either prong of the
 
 Strickland
 
 analysis. Defendant’s claims are not meritorious, and therefore, Defendant cannot establish prejudice or that counsel acted in an un
 
 *DCLIX
 
 reasonable manner in failing to pursue these arguments.
 

 IV. Whether Defendant Is Entitled To A Downward Departure
 

 Defendant next contends that he is entitled to a downward departure in his sentence. Specifically, Defendant contends that a downward departure is justified based on outrageous conduct by the Government, vindictive prosecution, selective prosecution and Defendant’s good character and post-sentencing rehabilitation efforts.
 
 [6]
 

 The Third Circuit has recognized that courts have limited discretion to depart from the mandatory minimum sentences proscribed by Congress. Pursuant to 18 U.S.C. § 3553(e) and (f), the Court can only depart below the mandatory minimum in two narrow circumstances: (1) upon a Government motion for substantial assistance, and (2) upon the trigger of certain safety valves under Section 3553(f).
 
 United States v. Kellum,
 
 356 F.3d 285, 289 (3d Cir.2004);
 
 Baldacci v. United States,
 
 1998 WL 299844, *2 (E.D.Pa. June 5, 1998). In this case, Defendant did not provide the Government with any assistance, and he did not meet the requirements for a departure under Section 3553(f). Accordingly, the Court could not depart from the mandatory minimum of sixty months imprisonment, and therefore, the Court concludes that Defendant is not entitled to further downward departures.
 

 In the alternative, even if the Court considers the grounds asserted by Defendant for a downward departure, the Court concludes that such a departure is not warranted in the circumstances of this case. To be entitled to a downward departure, Defendant has to establish that the circumstances he alleges are outside of the heartland of cases covered by the Guidelines.
 
 Koon v. United States,
 
 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The Court is not persuaded that the circumstances alleged by Defendant are outside of the heartland of cases covered by the Guidelines.
 

 Defendant contends that he was arrested in front of his children by police officers with guns drawn and that this conduct constitutes outrageous conduct by the Government. Claims based on outrageous government conduct are rare, and the government’s conduct must be shocking, outrageous and clearly intolerable.
 
 United States v. Nolan-Cooper,
 
 155 F.3d 221, 229 (3d Cir.1998). Although Defendant’s arrest in the presence of his children was unfortunate, it is not atypical of others in Defendant’s circumstances. Accordingly, the Court cannot conclude that the Government’s conduct rises to the level of shocking and outrageous misconduct necessitating a downward departure in Defendant’s sentence.
 

 As for Defendant’s claim of vindictive prosecution, the Court likewise concludes that the circumstances alleged by Defendant do not warrant a downward departure. Prosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights.
 
 United States v. Schoolcraft,
 
 879 F.2d 64, 67 (3d Cir.1989). To establish vindictive prosecution, Defendant must
 
 *DCLX
 
 provide evidence of the prosecutor’s retaliatory motive or present facts sufficient to give rise to the presumption of vindictiveness.
 
 United States v. Paramo,
 
 998 F.2d 1212, 1220 (3d Cir.1993). In this case, Defendant contends that his prosecution was vindictive, because it was brought two years after the offense was committed and Defendant refused to cooperate with the Government in its investigation. The Court, however, is not persuaded that these circumstances establish vindictive prosecution. Defendant’s prosecution was delayed because there was an ongoing investigation of a crack cocaine distribution organization in Delaware. Further, the record supports the charges that were brought against Defendant. Accordingly, the Court concludes that Defendant is not entitled to a downward departure on the basis of vindictive prosecution.
 

 Similarly, Defendant contends that his prosecution was selective because he refused to cooperate with police. A prosecution can only be selective if it is made on a discriminatory basis with an improper motive.
 
 Schoolcraft,
 
 879 F.2d at 68. To establish selective prosecution, the Defendant must show that (1) persons similarly situated have not been prosecuted, and (2) the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion or some other arbitrary factor, or to prevent Defendant from exercising a fundamental right.
 
 Id.
 
 Defendant has not established these elements, and courts have rejected claims of selective prosecution where the only grounds alleged are that the defendant refused to cooperate with the police.
 
 United States v. Davis,
 
 15 F.3d 526, 529-530 (6th Cir.1994).
 

 Defendant also contends that he is entitled to a downward departure based on his educational skills, vocational skills, employment record and subsequent rehabilitative efforts in prison. Although Defendant’s subsequent rehabilitative efforts are commendable, this Court has concluded that it lacks the authority to downwardly depart based on post-sentencing rehabilitation.
 
 United States v. Medley,
 
 168 F.Supp.2d 293, 297 (D.Del.2001) (rejecting argument that court may award downward departure for post-sentencing rehabilitative conduct based on
 
 United States v. Sally,
 
 116 F.3d 76 (3d Cir.1997) and concluding that
 
 Sally
 
 only applies to post-conviction, presentence conduct). As for Defendant’s educational skills, his vocational skills and his employment record, Defendant’s efforts are again commendable, but the Court cannot conclude that they warrant a downward departure. Defendant’s circumstances are not so extraordinary as to take them out of the heartland of cases covered by the Guidelines, and “[disruptions of the defendant’s life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration.”
 
 United States v. Gaskill,
 
 991 F.2d 82, 84-85 (3d Cir.1993). Accordingly, the Court concludes that Defendant is not entitled to a downward departure in his sentence.
 

 To the extent that Defendant contends that his counsel was ineffective for failing to raise these issues, the Court concludes that he cannot establish either prong of the
 
 Strickland
 
 analysis. Defendant’s claims are not meritorious, and therefore, Defendant cannot establish prejudice or that counsel acted in an unreasonable manner in failing to pursue these arguments.
 

 Y. Whether A Certificate Of Appeala-bility Should Issue
 

 The Court may issue a certificate of appealability only if Defendant “has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). In this case, the Court has
 
 *DCLXI
 
 concluded that Defendant is not entitled to relief, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.
 

 CONCLUSION
 

 For the reasons discussed, Defendant’s Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I.67) will be denied.
 

 An appropriate Order will be entered.
 

 ORDER
 

 At Wilmington, this 31st day of March 2004, for the reasons set forth in the Memorandum Opinion issued this date;
 

 IT IS HEREBY ORDERED that:
 

 1. Defendant’s Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I.67) is DENIED.
 

 2. Because the Court finds that Defendant has failed to make “a substantial showing of the denial of a constitutional right” under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.
 

 [1]
 

 . The Court apprised Defendant of his right to file an appeal, and Defendant does not allege that he requested counsel to file an appeal, but counsel failed to do so. Where, as here, the defendant has not alleged that he requested an appeal, cause based on ineffective assistance of counsel cannot be shown, because the failure to appeal is attributable to the defendant and is not a factor external to him.
 
 Marone v. United States,
 
 10 F.3d 65, 67 (2d Cir.1993);
 
 Johnson v. United States,
 
 307 F.Supp.2d 380, 382 (D.Conn.2003).
 

 Further, ineffective assistance of counsel may only satisfy the cause prong of the procedural default inquiry, if the ineffective assistance rises to the level of a constitutional deprivation under
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where the claim of ineffective counsel is based on the failure to raise certain issues on appeal, counsel is not ineffective if the claims he declined to raise are not meritorious.
 
 United States v. Mannino,
 
 212 F.3d 835, 840 (3d Cir.2000);
 
 Holden v. Kearney,
 
 2000 WL 1728290, *3 (D.Del. Mar.29, 2000). In this case, the Court concludes that each of the procedurally defaulted claims raised by Defendant in his Section 2255 Motion are not meritorious, and therefore, the Court also concludes that Defendant cannot establish cause for his procedural default based on counsel's failure to raise these claims on direct appeal.
 

 Moreover, for the same reasons that Defendant cannot establish prejudice with respect to each of his claims, the Court concludes, in the alternative, that Defendant cannot establish that a complete miscarriage of justice has occurred such that he is entitled to relief.
 
 See e.g. United States v. Cepero,
 
 224 F.3d 256, 267 (3d Cir.2000) (recognizing that Section 2255 petitions "serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred”). Defendant makes no claim of actual innocence and his claims are not meritorious.
 

 [2]
 

 . In his Traverse, Defendant directs the Court to a portion of the plea hearing transcript in which the Court asked Defendant if he was being forced or threatened to plead guilty, and the transcript indicates that Defendant responded, "Yes, sir.” (D.I. 75, Exh. I at 8). However, Defendant does not allege in his Motion that he was being forced or threatened to plead guilty. The Court observes that neither the Court nor counsel inquired further
 
 *DCLVI
 
 into Defendant’s response, and the Court is confident that this issue would have been explored further by the Court if Defendant had indicated that he was being forced or threatened to plead guilty. As such, the Court believes that the transcript is erroneous regarding the "yes” response. In any event, however, Defendant does not claim in his Motion that he was forced to plead guilty, and the Court is satisfied that Defendant’s other responses during the plea colloquy support the Court's finding that Defendant voluntarily entered his guilty plea. (D.I. 75, Exh. I at 7-8).
 

 [3]
 

 . For the reasons set forth in note 1 of this Memorandum Opinion, the Court is also not persuaded that Defendant has established cause for his procedural default.
 

 [4]
 

 . Further, this case does not implicate
 
 Ap-prendi,
 
 because Defendant was sentenced to the statutory minimum.
 
 Gori,
 
 324 F.3d at 236-237 (citing
 
 United States v. Williams,
 
 235 F.3d 858, 863
 
 (3d
 
 Cir.2000)).
 

 [5]
 

 . As discussed in note 1 of this Memorandum Opinion, Defendant cannot establish cause for his procedural default. Further, Defendant cannot establish actual prejudice or a miscarriage of justice because his claims lacks merit and he makes no allegation of actual innocence.
 

 [6]
 

 . With the exception of his ineffective assistance of counsel claim, Defendant's claims are also procedurally barred, and Defendant has not established that his default should be excused. For the reasons discussed in note 1 of this Memorandum Opinion, the Court con-eludes that Defendant cannot establish cause. In addition, Defendant cannot establish prejudice or a miscarriage of justice, because his claims for a downward departure lack merit and he does not allege actual innocence.